J-A15006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RAYMOND QUAGLIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID HATCHIGIAN AND BANK OF AMERICA | |
| APPEAL OF: DAVID HATCHIGIAN | No. 2638 EDA 2013 |

Appeal from the Order Entered August 8, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1037 April Term, 2010

BEFORE: PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.: **FILED AUGUST 04, 2014**

Appellant, David Hatchigian, appeals *pro se* from the order entered on August 8, 2013, by the Honorable William J. Manfredi, Court of Common Pleas of Philadelphia County. After careful review, we affirm.

This appeal arises from a suit instituted by Raymond Quaglia, Esquire, asserting breach of contract and defamation claims against his former client, Hatchigian.[1] According to the complaint, Hatchigian had retained Quaglia's professional services in three separate matters. In two of the matters, a

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] Quaglia also asserted a defamation claim against Bank of America, however, Quaglia voluntarily discontinued this claim on December 3, 2010.

contingent fee agreement was reached, while in the third, Quaglia would bill Hatchigian on an hourly basis.

When one of the contigent fee matters settled, Quaglia distributed the funds to Hatchigian and himself. Hatchigian subsequently filed an affidavit of forgery with Bank of America, Quaglia's bank, alleging that his signature on the settling defendant's check had been forged and that he had received no payment. The affidavit caused Bank of America to stop payment and charge back the payment against Quaglia's account. Ultimately, Hatchigian recanted the affidavit.

As noted above, Quaglia then sued Hatchigian for unpaid fees and defamation. The case proceeded to arbitration, where Hatchigian was represented by counsel. The arbitrators found in favor of Quaglia. Hatchigian then filed a *pro se* appeal to the Court of Common Pleas. Hatchigian subsequently utilized the services of counsel, and the parties picked a jury on November 23, 2011, the day before the Thanksgiving holiday. After the jury was picked, the parties settled the case, and the jury discharged. However, on Thanksgiving Day, Hatchigian e-mailed his counsel the following message: "After careful consideration of the proposed settlement offer, I must respectfully decline. For all other previous reasons."

Hatchigian, through counsel, filed a praecipe to discontinue the case on December 20, 2011. However, the praecipe was not docketed until January 4, 2012. In the meantime, Hatchigian filed a *pro se* petition to

strike his own praecipe on January 3, 2012. Because of the chronology, Hatchigian's *pro se* petition was marked as moot administratively, without court review. Hatchigian filed a timely appeal.

On appeal, the trial court recommended that the matter be remanded to address Hatchigian's petition to strike. This Court concurred, and remanded the case back to the trial court for proceedings on Hatchigian's petition to strike. **See Quaglia v. Hatchigian**, 617 EDA 2012, unpublished memorandum (Pa. Super. September 18, 2012). Upon remand, the trial court held a hearing on April 17, 2013. On August 8, 2013, the trial court entered an order denying Hatchigian's petition to strike the praecipe to discontinue. This timely appeal followed.

On appeal, Hatchigian raises a single issue for our review: "Did the trial court err by assuming that Leventhal [Hatchigian's counsel] properly exercised Travelers' [Hatchigian's insurer] settlement authority in light of the insured's November 24[th] email?" Appellant's Brief, at 12. Our standard of review of this issue is straightforward: "The authority to strike off a discontinuance is vested in the sound discretion of the trial court, and we will not reverse absent an abuse of that discretion." **Hopewell v. Hendrie**, 562 A.2d 899, 900 (Pa. Super. 1989).

Here, the trial court found that Hatchigian understood and agreed to the terms of the settlement on November 23, 2011. **See** Trial Court Opinion, 8/8/13, at ¶¶ 36-37. This finding is supported by the testimony of

Hatchigian's then-counsel: "I immediately called Mr. Hatchigian on his cell phone, and I explained the entire deal and got his express authority to settle." N.T., Hearing on Petition to Strike, 4/17/13, at 84.[2] As the trial court was in a superior position to assess the credibility of the witnesses, we can find no abuse of discretion in this finding.

Based upon this finding, the trial court concluded that the settlement agreement was binding upon Hatchigian, and that Hatchigian's subsequent change of heart did not act to invalidate the agreement. *See* Trial Court Opinion, 8/8/13, at ¶ 49. This legal conclusion is supported by precedent, and does not constitute an abuse of discretion. Thus, we conclude that Hatchigian's sole issue on appeal merits no relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2014

_____

[2] We note that the Certified Record does not contain a copy of this transcript, and further, that our review of the record does not reveal that Hatchigian requested a transcript in conjunction with his notice of appeal. However, a copy of the transcript is included in the reproduced record, and Quaglia has not objected to its inclusion. Under these circumstances, we decline to find Hatchigian's claims waived.