562 A.2d 899

**Carolyn HOPEWELL, Administratrix of the Estate of Kenneth Hopewell, Deceased, Appellant,**

**v.**

**Steven HENDRIE, Daniel Hendrie and Patricia Hendrie, Appellees.**

Superior Court of Pennsylvania.

Argued March 9, 1989.

Filed Aug. 11, 1989.

Germaine Ingram, Philadelphia, for appellant.

John T. Quinn, Philadelphia, for appellees.

Before BECK, HOFFMAN and CERCONE, JJ.

BECK, Judge:

The issue presented for decision is whether the trial court abused its discretion in refusing to strike off a discontinuance in this wrongful death and survival action where the discontinuance was mistakenly filed by plaintiff-appellant's counsel of record without the knowledge of appellant or of the attorney who was actually litigating the case, the petition to strike the discontinuance was filed within thirty days of appellant's discovery of the error, there has been no demonstration of prejudice to the defendants-appellees and the statute of limitations on appellant's cause of action has expired.

We find that the trial court did abuse its discretion and reverse.

On January 25, 1981, Kenneth Hopewell was struck and killed by an automobile driven by defendant Steven Hendrie and owned by defendants-appellees Daniel and Patricia Hendrie. On September 5, 1981, plaintiff-appellant, sister of the decedent and administratrix of his estate, instituted suit. Appellant's original counsel and counsel of record in the case, Mr. Friedman, later engaged co-counsel, Mr. Ross, to assume responsibility for discovery, negotiations and trial of the case. Inexplicably, on March 25, 1987, Mr. Friedman filed a praecipe to mark the case settled, discontinued and ended. Neither appellant nor Mr. Ross authorized the filing, nor did they have knowledge of it. Al-

though Mr. Friedman acknowledged by affidavit that his signature appears on the praecipe, his affidavit also states that he does not recall filing it and can only conclude that the filing of the praecipe was an error.

Despite the discontinuance, several months later the case appeared on the Major Jury Trial List and Mr. Ross contacted counsel for defendants-appellees, Mr. Quinn. Mr. Quinn then informed Mr. Ross that the docket reflected that the case had been discontinued and refused to consent to removal of the discontinuance. Within thirty days, on December 30, 1987, appellant filed a Petition to Strike Discontinuance.

The trial court denied the Petition, finding that appellant had inexcusably waited nine months from the date of the filing of the praecipe to seek to strike the discontinuance and that appellees would be prejudiced by striking it. The court did not specify what prejudice appellees would suffer.

Pennsylvania Rule of Civil Procedure 229 governs both the filing and the striking of a discontinuance. As to striking a discontinuance, the rule states:

  (c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.

Pa.R.C.P. 229(c).

The authority to strike off a discontinuance is vested in the sound discretion of the trial court, and we will not reverse absent an abuse of that discretion. *Pesta v. Barron*, 185 Pa.Super. 323, 138 A.2d 690 (1958).

The exercise of discretion by the trial court is not, however, standardless. The rule expressly contemplates the striking of a discontinuance where necessary to protect a party to the lawsuit from unreasonable inconvenience, vexation, harassment, expense or prejudice. Although this standard has most frequently been applied in cases where the plaintiff has actually intended to discontinue a lawsuit but the defendant objects, *Consolidated National Bank v. McManus*, 217 Pa. 190, 66 A. 250 (1907), it equally will operate

to protect a plaintiff who demonstrates a need for relief from a discontinuance it has obtained. The rule itself states that a discontinuance may be stricken in order to protect "*any* party to the lawsuit" (emphasis added), obviously including the plaintiff. *See also Murdoch v. Murdoch*, 418 Pa. 219, 210 A.2d 490 (1965) (discontinuance by plaintiff based on settlement of action could be stricken, but only if plaintiff established by clear and convincing evidence that settlement giving rise to discontinuance was the result of fraud, mistake or imposition).

The facts of the instant case reveal that the discontinuance was merely the result of simple error, not by appellant herself but by her counsel of record. There is no indication that appellant discontinued the action in order to gain any procedural advantage, i.e. to recommence the suit in another county or otherwise. *Compare Brown v. Phillips Gas & Oil Co.*, 365 Pa. 155, 74 A.2d 105 (1950) (discontinuance not permitted over objection of defendant where only motive is to institute same action in another forum); *Nichols v. Horn*, 363 Pa.Super. 301, 525 A.2d 1242 (1987) (discontinuance of first support action by mother must be stricken where discontinuance was motivated by desire to file another support action the next day in order to gain advantage of recently enacted longer statute of limitations applicable to support actions).

Nevertheless, the trial court refused to relieve appellant of the results of this error on two grounds. First, it found that appellant had unexcusably delayed in seeking to correct the error by petitioning to strike the discontinuance. In fact, however, appellant acted immediately upon discovering the error. She sought to remove the discontinuance within one month of discovering it had been filed. The delay prior to that time cannot fairly be charged against appellant. She could not seek to strike a discontinuance when she had no reason to know it had been filed.

The trial court also found that appellees would be prejudiced by striking the discontinuance. We note first that Rule 229(c) does not expressly require that the court consider any possible prejudice to the party opposing the striking

of the discontinuance. However, the rule does focus on prejudice and we consider it appropriate to consider prejudice to both sides and balance the competing interests of the parties.

On the surface, it is clear that appellees will be prejudiced in the sense that they will have to defend the action. However, we do not see this as the kind of prejudice that should be focused on in deciding whether to strike a discontinuance for the simple reason that in every action where the plaintiff seeks to strike its own discontinuance the result will be that the defendant must defend the formerly discontinued action. The prejudice that is relevant is the impact on the defendant's *ability* to defend. We must focus on whether allowing the action to proceed after it had been discontinued will put the defendant at any significant disadvantage. *See Nichols v. Horn, supra* (discontinuance must be stricken where allowing discontinuance will severely prejudice defendant by denying him his statute of limitations defense).

Here, there is no indication that the fact that the action had been discontinued for ten months has had any impact on appellees' ability to defend. There is no proof that appellees' have changed their position in any way in reliance on the discontinuance, nor is there any indication that documents or witnesses on whom appellees' might wish to rely have now become unavailable. In the trial court, appellees simply stated that they did not know whether all of their witnesses were still available. Finally, we cannot conclude that the time during which the action has been discontinued is so lengthy that prejudice to appellees could be presumed.

On the other hand, the prejudice to appellant is obvious. Unless the mistaken discontinuance is stricken, appellant is out of court because the statute of limitations on her cause of action has expired. Moreover, this harsh result will be visited upon appellant despite the fact that she has established that she was not responsible for the filing of the discontinuance and, upon learning of it, acted with complete diligence in attempting to have it stricken.

In a recent opinion of the Supreme Court, *Jung v. St. Paul's Parish,* —— Pa. ——, 560 A.2d 1356 (Pa.1989) (plurality), the Court reiterated that in the context of opening a default judgment (or a judgment of non pros), the court must ascertain whether there are any equitable considerations that weigh in favor of allowing the party against whom judgment was entered his/her day in court. *Id.,* —— Pa. at ——, 560 A.2d 1356. The Court also focussed specifically on a situation like the present one, where simple attorney error indicating pure oversight, without fault of the party itself, resulted in the entry of a default judgment. In such a situation, the Court found that equity demanded the opening of the judgment. *Id.,* —— Pa. at ——, 560 A.2d 1356.

We view the instant case in a similar light. Appellant should not be denied her day in court simply because her attorney of record committed an error which appellant moved to correct immediately upon discovering it. The trial court erred in refusing to strike the discontinuance.

The order of the trial court is reversed and the case is remanded for the removal of the discontinuance and the reinstatement of appellant's action. Jurisdiction is relinquished.