618 A.2d 471

**Peter J. NASTASIAK and Patricia L. Nastasiak, Appellants,**

**v.**

**SCOVILLE ENTERPRISES, LTD., Russell A. Raynes, Jr., Karl W. Blessing, Othilde Blessing, John and/or Jane Doe, Appellees.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1992.

Filed Jan. 6, 1993.

Joel S. Luber, Paoli, for appellants.

William J. Gallagher, West Chester, for appellees.

Before WIEAND, FORD ELLIOTT and HOFFMAN, JJ.

WIEAND, Judge:

In this appeal we are asked to review an order which denied a request to strike the discontinuance of an action entered by counsel without the knowledge or consent of his client. After careful review, we conclude that the trial court abused its discretion; and, therefore, we reverse.

On March 12, 1985, Peter Nastasiak and Patricia Nastasiak, minority shareholders, filed a complaint in mandamus against their corporation, Scoville Enterprises, Ltd., and Karl Blessing, a corporate officer, seeking, inter alia, an inspection of corporate books and records to determine whether corporate assets had been mismanaged or misappropriated. On March 6, 1986, the Nastasiaks filed a second action, this time in equity, against Scoville Enterprises, Ltd. and also against Russell A. Raynes, Jr., Karl W. Blessing, Othilde Blessing and John and/or Jane Doe. In this action, the Nastasiaks requested an injunction preventing the individual defendants from continuing to manage the corporation's business. They also claimed damages for mismanagement of corporate assets, various breaches of fiduciary responsibilities and conspiring to defraud minority stockholders. On June 5, 1990, this second action was discontinued by the lawyer who was representing the Nastasiaks. From the record before this Court for review, the reason for the discontinuance remains unexplained. It appears, however, that it was done without the consent or even the knowledge of the Nastasiaks.

By October, 1990, the Nastasiaks were dissatisfied with the progress being made in asserting their claims against the

corporation and, therefore, consulted present counsel. It was his examination of the record which, in March, 1991, led to a discovery that the equity action had been discontinued. Prior counsel was dismissed, and present counsel, on June 5, 1991, entered an appearance on the claimants' behalf.

On June 18, 1991, present counsel appeared in court to argue three outstanding motions for sanctions which had been filed by prior counsel on Nastasiaks' behalf. He represents that the motions were denied because there remained no viable action for damages.[1] Therefore, the claimants filed a petition to remove the discontinuance of the equity action. This petition was denied by the trial court on January 23, 1992.[2] In support of its order, the trial court cited the delay between March, 1991, when the claimants discovered that the equity action had been discontinued, and September 5, 1991, when the claimants filed their petition to strike the discontinuance.

Authority for striking off a discontinuance appears in Pa. R.C.P. 229(c) as follows:

(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense or prejudice.

"The authority to strike off a discontinuance is vested in the sound discretion of the trial court, and we will not reverse absent an abuse of that discretion." *Hopewell v. Hendrie*, 386 Pa.Super. 264, 266, 562 A.2d 899, 900 (1989), *allocatur denied*, 525 Pa. 618, 577 A.2d 890 (1990). The trial court's discretion, however, is not unlimited. R.C.P. 229(c) expressly provides for the striking of a discontinuance when necessary to protect either party from unreasonable inconvenience, vexation, harassment, expense or prejudice. *Id.*

1. This assertion by counsel of the reason for the court's ruling cannot be confirmed from the record in the action now before this Court for review.

2. The trial court initially denied the claimants' petition on January 16, 1992. This order was amended on January 23, 1992 in order to correctly reflect claimants' discovery of the discontinuance in March, 1991.

The decided cases have held that a trial court does not abuse its discretion by refusing to strike off a discontinuance where (1) the plaintiff was fully aware that his or her lawyer had entered a discontinuance and the lawyer had been authorized to enter a discontinuance upon the client's receipt of monetary consideration, *Thomas v. Hempt Brothers*, 402 Pa. 369, 167 A.2d 315 (1961); (2) the plaintiff was unable to prove that the discontinuance was a result of fraud, imposition or mistake, *Murdoch v. Murdoch*, 418 Pa. 219, 210 A.2d 490 (1965); (3) the discontinuance was entered to enable the plaintiff to bring a new action in another court, *Pratt v. Best Builders of Pennsylvania, Inc.*, 3 D. & C.3d 149 (Chest.1977).

However, in *Hopewell v. Hendrie, supra*, where the circumstances were similar to those in the instant case, the Superior Court found that the trial court's refusal to strike the discontinuance had constituted an abuse of discretion. There, in a wrongful death action arising from an automobile accident, co-counsel for the plaintiff had divided responsibilities between themselves for pursuing the action. One of the lawyers, inexplicably and without the knowledge of the client or co-counsel, caused the action to be marked, "Case settled, discontinued and ended." Later, counsel conceded that he had acted in error. Meanwhile, co-counsel prepared for trial and did not learn of the "discontinuance" until after the case had been listed for trial. Within one month thereafter, but almost ten months after the action had been marked "Discontinued," trial counsel moved to strike the discontinuance. The trial court denied the motion, holding that the plaintiff had been guilty of inexcusable delay and that the defendant had been prejudiced by the discontinuance. The Superior Court reversed. It determined that, having been filed within a month of discovering the discontinuance, the motion to remove the discontinuance was timely. With respect to the issue of prejudice, the Court said:

> We note first that Rule 229(c) does not expressly require that the court consider any possible prejudice to the party opposing the striking of the discontinuance. However, the rule does focus on prejudice and we consider it appropriate

to consider prejudice to both sides and balance the competing interests of the parties.

> On the surface, it is clear that appellees will be prejudiced in the sense that they will have to defend the action. However, we do not see this as the kind of prejudice that should be focused on.... The prejudice that is relevant is the impact on the defendant's ability to defend. We must focus on whether allowing the action to proceed after it had been discontinued will put the defendant at any significant disadvantage.

*Id.* at 268, 562 A.2d at 901. The Superior Court determined that the ten month discontinuance had not impacted adversely on the defendant's ability to defend, but that plaintiff would be seriously prejudiced if he could not proceed because a second action would be barred by the statute of limitations.

■ The record in the instant case, as we have already observed, does not contain an explanation for counsel's discontinuance of the action in equity. It does not appear that the discontinuance was entered to obtain any procedural advantage for counsel's clients,[3] and it does not appear that it was entered by and with the knowledge or consent of the clients. A lawyer, acting as attorney for a client, lacks either implied or apparent authority to do an unauthorized act which results in the surrender of a substantial right by the client. *Garnet v. D'Alonzo,* 55 Pa.Commw. 263, 266, 422 A.2d 1241, 1242 (1980). The client is the master of his cause of action; he may press it to the end, regardless of the weakness thereof. *Archbishop v. Karlack,* 450 Pa. 535, 539, 299 A.2d 294, 296 (1973).

■ The trial court, although acknowledging the precedential effect of *Hopewell v. Hendrie, supra,* found it inapplicable because of appellant's delay in moving to strike the discontinuance. However, it is inherent in the *Hopewell* decision that delay alone will not bar relief unless an adverse party has been prejudiced by such delay. Rule 229(c) does not establish a time within which a motion to strike a discon-

---

3. It has not been argued or even suggested that the equity action was filed so that discovery could be utilized to obtain an inspection of documents sought to be recovered in the original action of mandamus.

tinuance must be filed. Indeed, it is possible, as in *Hopewell* and the instant case, that a discontinuance may be entered without the immediate knowledge of the party whose action has been discontinued.

In the instant case, there remains pending an action of mandamus between the parties, and it does not appear that the ability of the defendant-appellees to defend the equity action has been impaired by appellants' delay in moving to strike the discontinuance. On the other hand, to compel the plaintiff-appellants to rely on a new action will not serve judicial efficiency and may prejudice appellants by limiting the period for which relief can be granted or barring the same in its entirety.

Appellees argue that they will be prejudiced by being required to defend the equity action and the several discovery requests which were filed therein. As the Court observed in *Hopewell v. Hendrie, supra,* this is not the type of prejudice upon which a court should focus in determining whether to strike a discontinuance. Moreover, and in any event, a new action would likely produce the same requests for discovery and a similar need to defend as the original action.

It is true that R.C.P. 229(c) may initially have been intended to benefit a defendant against whom baseless charges were made or multiple actions filed. However, its language is general, and we perceive no valid reason, either expressly stated or appearing by necessary implication from the language of the rule, for refusing to apply it to benefit a plaintiff whose attorney has acted without authority to discontinue an action under circumstances causing the substantive rights of the client to be impaired or prejudiced.

The order of the trial court is reversed. The unauthorized discontinuance is stricken, and the case is remanded for further proceedings. Jurisdiction is not retained.