J-A32030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EUGENE W. SCHERICH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THOMAS E. BLANDFORD, SUCCESSOR TRUSTEE OF HILLMAN A. TRUST AND HILLMAN B. TRUST; GLORIA J. HOGSETT, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATE OF JOHN THOMAS HOGSETT, DECEASED, AND DOING BUSINESS AS LUZERNE RESOURCES DEVELOPMENT COMPANY, FOREE OIL COMPANY, AND JESMAR ENERGY, INC. | No. 129 WDA 2015 |

Appeal from the Order December 31, 2014
In the Court of Common Pleas of Greene County
Civil Division at No(s): A.D. No. 957 of 2013

BEFORE:  SHOGAN, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 30, 2015**

Eugene W. Scherich appeals from the order entered December 31, 2014, in the Court of Common Pleas of Greene County, denying him relief on his motion to remove nonsuit.[1]  In this timely appeal, Scherich raises five arguments, which are largely summarized as a claim the trial court erred in

---

[1] The appeal properly lies from entry of judgment, not the denial of the motion to remove nonsuit.  Technically, this appeal was premature.  However, judgment was entered on March 13, 2015.  Therefore, we proceed to the merits of this appeal.

failing to recognize he did not receive proper notice of Defendants' emergency motion prior to the entry of the nonsuit. Following a thorough review of the submissions by the parties, relevant law, and the certified record, we reverse and remand for a hearing on Defendants' motion to vacate Scherich's praecipe to discontinue.

There appears to be a tortured history to this matter, during which Scherich has attempted to obtain title to certain property known as the Gateway Mine. Defendants assert Scherich has filed prior cases in Westmoreland County, Fayette County, and Greene County pursuing this goal. This action allegedly represents Scherich's second attempt in Greene County.

The current action, a Complaint In Action To Quiet Title, was filed on October 10, 2013, and Scherich was represented by David F. Pollock, Esquire. Trial on the matter was eventually scheduled for December 18, 2014. Scherich came to believe that his counsel had a conflict of interest, and approximately one month before trial, on November 21, 2014, following a hearing on Attorney Pollock's motion to withdraw and for continuance, Pollock was allowed to withdraw, but no continuance was granted.

On December 17, 2014, at approximately 9:40 a.m., Scherich, acting *pro se*, filed a Preacipe to Discontinue his lawsuit. Scherich served the praecipe upon opposing counsel via email and facsimile transmission. Both

the email and facsimile were sent from the law offices of Hook and Hook.[2] This law firm had apparently represented Scherich in other matters, but had not entered an appearance for Scherich in the instant matter. At the November 21, 2014 hearing, Attorney Pollock asserted that Scherich's current counsel David Hook, Esq., had requested on Scherich's behalf, that Pollock withdraw. Pollock also stated that Hook was actively representing Scherich in the Fayette County action.

Upon receipt of the praecipe to discontinue, the Defendants filed a joint emergency motion to strike the discontinuance. Paragraph 7 of the proposed order stated: "The trial shall commence forthwith as scheduled at 9:00 a.m. on December 18, 2014." *See* Motion and Order, 12/18/2014. The certificate of service for the emergency motion indicates copies of the document were served upon Scherich via first class mail, email and facsimile transmission on December 17, 2014.

On December 18, 2014, counsel for Defendants appeared in court and argued the emergency motion to vacate the discontinuance. Regarding notice to Scherich, counsel on behalf of Defendant Blandford, Charles B. Watkins, Esquire, stated:

---

[2] The header on the email indicates it originated from the email account of Kathleen Demchak at hookandhook.com. The facsimile cover sheet was amended to replace "Hook and Hook" with "Eugene Scherich." However, the fax origination number at the top of the transmission indicates it came from the Hook and Hook fax machine.

I faxed and e-mailed a copy of this petition to Mr. Hook's office with instructions to – what the requests are basically, to deliver it to Mr. Scherich.

So I think at least Mr. Hook knows that this petition is being presented this morning.

N.T. Hearing, 12/18/2014, at 7.

Additionally, counsel for Defendant Hogsett stated:

Mr. Hook could have been here to argue this, Mr. Scherich could have been here to argue this. Somebody should have been here and then asked you to issue a rule, but that not having been done in light of it being an emergency joint petition, knowing it was [being] presented today, they faxed it to us, we faxed it back to them.

We gave then as much notice as they gave us.

*Id*. at 12.

The trial court was initially inclined to issue a Rule to Show Cause regarding the Defendants' motion to vacate. This brief exchange took place:

TRIAL COURT: Let me see the petition [motion to vacate], please?

Well, Rule 229(c) says upon petition and after notice may strike a – so why don't we do this. I will issue a Rule to Show Cause returnable two weeks from tomorrow – no, that won't work, returnable December 31st, at 9:00 a.m., and direct that he show cause why this discontinuance should not be with prejudice.

MR. WATKINS: Would that - the only issue with that, Your Honor, is that doesn't allow us much time to address whatever creative reasons are advanced.

*Id*. at 10-11.

The gist of the Defendants' argument was that Scherich was playing games with the system by discontinuing his action on the eve of trial, when

a continuance request had been denied on November 21, 2014. Without commentary, the trial court accepted the Defendants' assertion of service and entered orders vacating the discontinuance and entering a nonsuit based upon Scherich's failure to be present and ready for trial, as scheduled.

On December 29, 2014, Scherich filed a motion to vacate the two orders[3] entered on December 18, 2014. Scherich claimed the trial court erred in entering the orders because he had not been timely served with the emergency motion. The trial court denied Scherich's motion on the ground he had not presented good cause for having failed to appear on December 18, 2014. This timely appeal follows.

We begin by noting that Scherich presented no evidence when the case was called to trial, as originally scheduled, on December 18, 2014. Accordingly, a compulsory nonsuit was entered. Absent any other issues, the order granting the nonsuit would be proper.

However, there remains the underlying issue of whether Scherich received proper notice of the emergency motion. If Scherich did not receive notice, then the trial court erred in determining Scherich did not have a satisfactory excuse for failing to appear. Therefore, the ultimate issue

---

[3] Specifically, there were two orders entered on December 18, 2014, that separately vacated the discontinuance and entered a nonsuit. Scherich's motion to vacate these orders was docketed on December 29, 2014, but was served upon the Defendants on December 24, 2014.

before us is whether the Defendants provided proper notice to Scherich of their intention to present the motion to vacate Scherich's discontinuance.

Our review of the certified record leads us to conclude there were multiple problems with Defendants' service and notice of the emergency motion to vacate Scherich's discontinuance.

Initially, Scherich argues that Greene County local rules require a party to give 24-hour notice of the presentation of such a motion. Specifically, Scherich states:

> 15. As the Defendants characterize their Petition to Strike as an "Emergency Joint Petition," Greene County Local Court Rule G206.4(c)(4) applies. It states in part: "If a need for emergency relief is sought, the request shall be presented to the motions judge, with notice to opposing counsel, if known, and unrepresented parties of the date and time of presentation in accordance with Local Rule G208.3(a)."
>
> 16. "Rule G208.3(a): Disposition of Motion" requires notice to be received by counsel or an unrepresented party "at least 24 hours in advance of presentation to the court."

Scherich's Motion to Vacate Two Orders of December 18, 2014, 12/29/2014, at ¶¶15-16.

The Defendants' joint answer to this motion does not deny the substantive content of the local rule as stated by Scherich. However, the Defendants argued:

> 15. Paragraph 15 states a conclusion of law to which no response is required. By way of further answer, however, Defendants aver that said rule is applicable to the instant situation. To the contrary, [Scherich] filed and served the Praecipe to Discontinue less than 24 hours before the commencement of trial. Accordingly, it was legally and factually

impossible for Defendants to serve the Joint Emergency Petition upon Plaintiff within 24 hours of the necessary presentment of the Joint Emergency Petition.

Defendants' Joint Answer to Plaintiff's Motion, 12/30/2014, at ¶ 15.[4]

It is factually true that given the timing of Scherich's discontinuance, less than 24 hours before the scheduled start of trial, the Defendants could not reply and serve Scherich their motion to vacate 24 hours prior to the scheduled start of the trial. What the Defendants have not demonstrated is why it was necessary to present the motion at the time trial had been scheduled to start. The Defendants have presented no rule, no case law, nor any reason that compelled their motion to vacate the discontinuance be heard on the morning of December 18, 2014. Accordingly, the Defendants' assertion that Local Rules 206.4(c)(4) and 208.3(a) do not apply is unavailing. The Defendants sought emergency relief and, pursuant to local rules, were required to provide Scherich with a minimum of 24 hours' notice. They did not.

Second, there is no indication that emergency relief was necessary or appropriate. Pennsylvania Rule of Civil Procedure 229 contains no time limit by which a petition to strike a discontinuance must be filed. Such matters are left to the discretion of the court. In **Hopewell v. Hendrie**, 562 A.2d 899 (Pa. Super. 1989), the successful petition was not filed until one month after the discontinuance. In **Nastasiak v. Scoville Enterprises, Ltd.**, 618

---

[4] Paragraph 16 is identical in substance to Paragraph 15.

A.2d 472 (Pa. Super. 1993), a panel of our Court determined the trial court erred in refusing to strike a discontinuance due to a 5-6 month delay in filing the petition to vacate. In short, there was no legally compelling reason for the Defendants' motion to vacate to be heard on December 18, 2014.

Next, as indicated in Paragraph 15 of Scherich's motion to vacate, pursuant to Local Rule 206.4(c)(4), notice is required to inform the recipient of the date and time of presentation of a request for emergency relief. The certified record does not contain any statement that the emergency petition was to be presented on the morning of December 18, 2014. We do recognize that the proposed order infers the timing of the presentation of the motion in Paragraph 7, which states: "The trial shall commence forthwith as scheduled at 9:00 a.m. on December 18, 2014." As a general proposition, however, we do not believe that the required notice of date and time of presentation of an emergency motion should be inferred in the order, especially when the proposed presentation of the motion is less than the required 24 hours.[5]

Fourth, the Pennsylvania Rules of Civil Procedure provide the requirements for service of legal papers other than original process, by facsimile transmission. Rule of Civil Procedure 440 states, in relevant part:

_____

[5] We recognize that it is possible that a date and time was conveyed in the notices, perhaps in a cover letter. But, as noted, that information does not appear in the certified record.

2(i) If there is no attorney of record, service shall be made by handing a copy to the party or by mailing a copy to or leaving a copy for the party at the address endorsed on an appearance or prior pleading or the residence or place of business of the party, or by transmitting a copy by facsimile as provided by subdivision (d).

****

(d)(1) A copy may be served by facsimile transmission if the parties agree thereto or if the telephone number for facsimile transmission is included on an appearance or prior legal paper filed with the court.

Pa.R.C.P. 440(a)(2)(i), (d)(1).

The certified record in this matter contains no proof or assertion that the parties agreed to service by facsimile transmission. Service of the praecipe to discontinue by facsimile to the Defendants was proper because their facsimile telephone numbers appear on documents filed with the court prior to the service of the praecipe. However, no facsimile number appears on any filed document regarding Scherich personally. The rules of civil procedure make no allowance for return service by facsimile. Simply because Scherich used a facsimile machine to serve the Defendants, does not, by rule, allow return service in the same manner. The facsimile machine used by Scherich in this matter was located in the office of an attorney who had represented Scherich in other matters. However, Scherich was not, at the relevant time, represented by any counsel in the instant matter. The Defendants have provided no case law demonstrating service to an attorney representing a party in another matter constitutes proper service to that person in any matter.

Fifth, the Pennsylvania Rules of Civil Procedure prove similar rules for service by email. In relevant part, Pa.R.C.P. 205.4 states:

(g)(1) Copies of all legal papers other than original process filed in an action or served upon any party to an action may be served

(i) as provided by Rule 440 or

(ii) by electronic transmission, other than facsimile transmission, if the parties agree thereto or an electronic email address is included on an appearance or prior legal paper filed with the court in the action. A paper served electronically is subject to certifications set forth in subdivision (b)(3).

Pa.R.C.P. 205.4(g)(1)(i)-(ii).

The certified record is also devoid of any agreement of service by email, and no email address for Scherich is found on any paper filed with the court prior to the filing of the Defendants' motion to vacate. As with the rule for service by facsimile transmission, there is no provision for reciprocal e-mail service absent compliance with Pa.R.C.P. 205.4(g)(1)(ii).

Sixth, as noted above, the Rules of Civil Procedure provide for service by hand to an unrepresented party. *See* Pa.R.C.P. 440(a)(2)(i). Defendants served their joint answer to Scherich's December 29, 2014, motion to vacate the orders of December 18, 2014 by hand as well as by first class mail, facsimile and e-mail.[6] The certified record contains no

---

[6] At this point, Scherich was represented by counsel. His e-mail address and fax number were both on his appearance. Accordingly, service through those methods was proper.

- 10 -

explanation why the Defendants' December 17, 2014 joint emergency motion to vacate the discontinuance was not also served by hand.

In light of the above, we must conclude that the Defendants did not properly serve Scherich with the notice of the emergency motion to vacate the discontinuance. Because of that, the trial court erred in determining that Scherich had not presented sufficient reason why he did not appear in court on December 18, 2014. The certified record demonstrates that Scherich discontinued his action and would have no reason to be in court for the trial scheduled for December 18, 2014. Even though Scherich may have been aware of the emergency motion to vacate, Defendants cannot prove he received notice as required by the Rules of Civil Procedure. Accordingly, the trial court erred in both vacating the discontinuance and in subsequently entering the nonsuit.

Because the trial court erred in denying Scherich's petition to vacate the orders of December 18, 2014, we believe the appropriate remedy is to remand this action for a hearing on the Defendants' emergency motion. This returns the matter to the posture that will allow the Defendants to present argument regarding their belief that Scherich was attempting to play games with the system and attempting to evade an order denying him any further continuances. Scherich or new counsel will be able to explain to the court his intentions in discontinuing his lawsuit. The trial court will then be able to render a fully informed decision based on the requirements in Pa.R.C.P. 229(c), i.e., specifically determining whether Scherich's discontinuance

would subject the Defendants to "unreasonable inconvenience, vexation, harassment, expense or prejudice." *Id*.

Order reversed, judgment vacated. This matter is remanded to the trial court for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2015