J-A10022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| KENNETH TAGGART | : | |
| Appellant | : | No. 1037 EDA 2018 |

Appeal from the Order Entered February 22, 2018
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2010-07592

BEFORE: GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 12, 2019**

Kenneth Taggart appeals from the order entered February 22, 2018, and docketed February 27, 2018, in the Bucks County Court of Common Pleas, denying his petition to strike a discontinuance filed by Deutsche Bank National Trust Company ("Deutsche Bank"), which ended Deutsche Bank's mortgage foreclosure action against Taggart. For the reasons below, we affirm.

The facts and convoluted procedural history underlying Taggart's appeal are as follows. On July 27, 2010, Deutsche Bank filed a complaint in mortgage foreclosure against Taggart, alleging he failed to make any mortgage payments on his property located at 45 Heron Road in Holland, Pennsylvania, since March 1, 2009. *See* Complaint, 7/27/2010, at ¶¶ 2-5. Deutsche Bank averred that Taggart still owed more than $423,000.00 in principal, interest and fees. *See id.* at ¶ 6. Taggart initially removed the action to federal court,

however, in October of 2011, a federal district court judge remanded the case back to the Bucks County Court of Common Pleas. Thereafter, Taggart filed an answer with new matter and a counterclaim in November of 2012, and Deutsche Bank filed preliminary objections in December of 2012. Taggart then filed a motion for judgment on the pleadings and an answer to Deutsche Bank's preliminary objections in January of 2013. No further action was taken by the parties or the court for the next two years.

On July 7, 2015, the trial court entered a preliminary termination order, pursuant to Bucks County Administrative Order No. 29,[1] which informed the parties the court intended to terminate the matter for lack of prosecution in 45 days unless one of the following actions occurred: (1) Deutsche Bank files a *praecipe* to settle, discontinue or end the matter; (2) the parties file an agreed case management order; or (3) either party files a case status report and request for a hearing. *See* Order, 7/7/2015. On August 20, 2015 (the 44th day after entry of the court's preliminary termination order), Deutsche Bank filed the following "Statement of Intention to Proceed:"

_____

[1] Bucks County Administrative Order No. 29 permits the court administrator to clear the docket of any pending civil matter "in which there has been no activity reported on the docket for a period of more than two years[.]" Bucks County Administrative Order No. 29 at ¶ 1. As will be discussed *infra*, the order further provides for the reactivation of any matter terminated pursuant to the order by petition and rule submitted to the trial court. *See id.* at ¶ 6.

> This case is in active Litigation. [Deutsche Bank] intends to proceed with this matter; therefore it should remain on active status.

Statement of Intention to Proceed, 8/20/2015. Nevertheless, on September 10, 2015, the trial court entered an order terminating this matter.[2] Notice of the termination order was sent to the parties on September 29, 2015, pursuant to Pennsylvania Rule of Civil Procedure 236.[3]

Thereafter, on December 21, 2015, Deutsche Bank filed a motion to reinstate its action. **See** Plaintiff's Motion to Reinstate, 12/21/2015. Specifically, Deutsche Bank averred: (1) it "was required to place the instant matter on hold due to associated protracted issues between the parties[;]" (2) "counsel never received a copy of the [September 10, 2015,] order terminating the case[;]" and (3) Taggart has "enjoyed the use and possession of the property, despite [the] fact that the mortgage has been in default for a period of over six (6) years." **See id.** at ¶¶ 6, 11, 17. On January 19, 2016, Taggart, proceeding *pro se*,[4] filed a response/opposition to Deutsche Bank's motion to reinstate, and requested the court strike the motion as untimely

---

[2] Although Deutsche Bank notified the trial court of its intent to proceed with the foreclosure action within the requisite 45 days, it did not follow the procedure outlined in the July 7, 2015, order.

[3] Rule 236 requires the prothonotary to give written notice to the parties of the entry of any order, and record the date of such notice on the docket. **See** Pa.R.C.P. 236(a)(2), (b).

[4] At various times, Taggart has proceeded both with counsel and *pro se* in this matter. He has also filed *pro se* documents while represented by counsel.

filed. *See* Response/Opposition to Motion to Reinstate, 1/19/2016. He insisted that Deutsche Bank had to proceed *via* Pennsylvania Rules of Civil Procedure 237.3(b) and 3051, which dictate relief from a judgement of *non pros*, and was required to file its petition within 10 days of the entry of judgment on the docket. *See* Pa.R.C.P. 237.3(b)(1). On October 6, 2016, the trial court entered the following order, granting Deutsche Bank's motion:

> AND NOW, this 6th day of October, 2016, upon consideration of the "Motion to Reinstate" filed by Plaintiff, [Deutsche Bank], and the response thereto filed by Defendant, [Taggart], it is hereby ORDERED and DECREED that Plaintiff's Motion to Reinstate is <u>GRANTED</u>.

Order, 10/6/2016. On October 17, 2016, Taggart, now represented by counsel, filed both a motion for reconsideration and a notice of appeal. By order entered January 9, 2017, this Court granted Deutsche Bank's application to quash the appeal, because it was from an interlocutory order. *See* Docket No. 3414 EDA 2016.

Next, Taggart asserts he attempted to file a *praecipe* in the trial court to enter judgment in his favor on May 9, 2017.[5] However, he claims the prothonotary refused to accept his praecipe, but instead, incorrectly noted on

---

[5] We note the purported praecipe is in the reproduced record, but not in the certified record. However, "under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record." *Parr v. Ford Motor Co.*, 109 A.3d 682, 695 n.10 (Pa. Super. 2014) (*en banc*) (quotation omitted), *appeal denied*, 123 A.3d 331 (Pa. 2015), *cert. denied*, 136 S.Ct. 557 (U.S. 2015).

the docket: "Order Entered Vacating Termination See Court Order of 10/7/16." **See** Docket Entry No. 99, 5/9/2017. In response, Taggart filed a petition for writ of mandamus in this Court, in which he asserted: (1) the trial court's October 6, 2017, order reinstating the action, did not vacate the prior order entered September 10, 2015, terminating the action; (2) therefore, Deutsche Bank was required to file a motion for reconsideration within 30 days of the October 6, 2016, reinstatement order; (3) when Deutsche Bank failed to do so, the trial court lost jurisdiction of the matter, and Taggart was entitled to the entry of judgment in his favor; and (4) the prothonotary had no discretion to refuse to enter his praecipe for judgment.[6] **See** Docket No. 56 EDM 2017, Petition for Writ of Mandamus, 5/19/2017, at ¶¶ 20-23, 27. This Court denied the petition on July 9, 2017. **See** Docket No. 56 EDM 2017, Order, 7/9/2017 (noting Superior Court has no power to issue writ of mandamus to lower court unless ancillary to Superior Court proceedings). Taggart did not appeal that ruling.

On November 16, 2017, Deutsche Bank filed a *praecipe* in the trial court to mark the case discontinued and ended, without prejudice. Taggart filed a petition to strike the discontinuance on December 8, 2017, which the trial court denied on February 22, 2018. Notice of the entry of the order was not

---

[6] On June 16, 2017, Taggart also filed a petition for writ of mandamus in the Commonwealth Court, seeking the same relief. **See** 270 MD 2017. That matter is still pending.

sent to the parties until February 27, 2018. *See* Pa.R.C.P. 236. Taggart filed a *pro se* motion for reconsideration on March 16, 2018, followed by this timely, counseled appeal on March 28, 2018.[7]

Taggart raises the following two issues on appeal: (1) whether the trial court erred when it granted Deutsche Bank's untimely and improper petition to reinstate the case; and (2) whether the prothonotary erred when it rejected Taggart's praecipe to enter final judgment pursuant to Pa.R.C.P. 1039.[8]

Preliminarily, we note Taggart filed this appeal from the order that denied his petition to strike off Deutsche Bank's discontinuance. Nevertheless, Taggart acknowledges in his brief that he "is not appealing the Denial of the Petition to Modify the Discontinuance which is subject to the discretion of the trial court."[9] Taggart's Brief at 1. Rather, he is challenging: (1) the October

---

[7] The trial court did not order Taggart to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The court did, however, file an opinion on May 10, 2018.

[8] We note Rule 1030 was rescinded effective January 1, 1984. *See* Pa.R.C.P. 1039. The Note refers litigant to Pa.R.C.P. 227.4 ("Entry of Judgment Upon Praecipe of a Party").

[9] Pennsylvania Rule of Civil Procedure 229 provides that "[a] discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial." Pa.R.C.P. 229(a). The Rule further provides however, that a court "upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." Pa.R.C.P. 229(c). Nevertheless, "[t]he authority to strike off a discontinuance is vested in the sound discretion of the trial court, and we will not reverse absent an abuse of that discretion." ***Nastasiak v. Scoville Enterprises, Ltd.***, 618 A.2d 471, 472 (Pa. Super. 1993) (quotation omitted).

6, 2016, order of the trial court, which reinstated the foreclosure action after it was administratively terminated, and (2) the prothontary's refusal to enter judgment in his favor on May 9, 2017, as well as an alleged improper notation on the docket on that date. *See id.*

We also recognize that on October 23, 2018, Deutsche Bank filed in this Court a motion to quash the appeal, asserting Taggart "abandoned the only timely appealed issue before this Court[,]" that is, the propriety of the order denying his petition to strike off the discontinuance. Motion to Quash Appeal, 10/23/2018, at ¶ 31. Deutsche Bank claimed Taggart was attempting to obtain review of "two unappealable issues that are long since time-barred." *Id.* On November 19, 2018, this Court denied the motion to quash without prejudice to Deutsche Bank to raise the issue again in its appellate brief before the merits panel. Order, 11/19/2018. We note Deutsche Bank has not requested we quash this appeal in its appellee brief. Nevertheless, we agree with Taggart that the propriety of the trial court's October 6, 2016, order granting Deutsche Bank's motion to reinstate the action is properly before us. *See* Taggart's Brief at 1. Although a panel of this Court quashed Taggart's prior appeal from the October 6, 2016, order as interlocutory, Taggart may now challenge the court's decision to reinstate the matter since a final order in this matter has been entered on the docket. *See Rohm & Haas Co. v. Lin*, 992 A.2d 132, 149 (Pa. Super. 2010) ("Once an appeal is filed from a final order, all prior interlocutory orders become reviewable."), *cert. denied*,

565 U.S. 1093 (2011). With regard to Taggart's issue concerning the prothonotary, as will be discussed *infra*, we find that claim is not properly on appeal.

Taggart's first issue on appeal challenges the trial court's October 6, 2016, order reinstating Deutsche Bank's foreclosure action. Because this specific claim involves an interpretation of the Pennsylvania Rules of Civil Procedure, we are presented with "a question of law, for which our standard of review is *de novo* and our scope of review is plenary." **Roth v. Ross**, 85 A.3d 590, 592 (Pa. Super. 2014).

Taggart explains that when Deutsche Bank failed to comply with any of the three options set forth in the preliminary termination order, but rather, filed a "Statement of Intention to Proceed," the trial court properly terminated the action. **See** Taggart's Brief at 24-25. Accordingly, he insists the court's September 10, 2015, termination order was a final order, and the court lost jurisdiction in the matter 30 days later when Deutsche Bank failed to appeal or take any other action. **See id.** at 21, 23. Taggart further argues the court had no authority to reinstate the matter pursuant to Pennsylvania Rule of Civil Procedure 230.2 ("Termination of Inactive Cases"), because that Rule was suspended during the time the relevant periods in this case.[10] **See id.** at 25-

_____

[10] Indeed, Rule 230.2, which was adopted in 2003, was suspended on April 23, 2014. It was later reinstated and amended on December 9, 2015, with an effective date of December 31, 2016. **See** Pa.R.C.P. 230.2, Credits. Here, the order terminating the case was entered on September 10, 2015, and the

26. Rather, he asserts "[t]he proper Rule that would apply to the proposed Reinstatement would be ... Pa.R.C.P. 3051[,]" which applies to relief from a judgment of *non pros*. *Id.* at 26. Taggart insists Deutsche Bank failed to "properly plead[] or meet the standards" for relief under this Rule. *Id.* Specifically, he contends Deutsche Bank failed to provide evidence that (1) its petition was timely filed, (2) it had a meritorious action, and (3) the record of the proceedings do not demonstrate there was a lack of due diligence on the part of the plaintiff, the plaintiff failed to show a compelling reason for the delay and the delay has caused actual prejudice to the defendant. *See id.* at 32, *citing* Pa.R.C.P. 3051(c). Taggart insists Deutsche Bank's petition for reinstatement was, in actuality, an untimely motion for reconsideration. *See id.* at 32-34.

In response to Taggart's prior appeal from the October 2016 reinstatement order, the trial court filed an opinion on December 21, 2017. The court first recognized that Rule 230.2 was suspended at the relevant times in this matter. *See* Trial Court Opinion, 12/21/2016, at 4. Therefore, the court proceeded to analyze Deutsche Bank's reinstatement motion under Rule 3051(c), which governs the opening of a judgment of *non pros*. *See id.* Unlike Taggart's assertion, however, the trial court found Deutsche Bank's motion to be meritorious. *See id.* at 5 (concluding (1) it was unclear from

order reinstating the case was entered on October 6, 2016, both before the effective date of the Rule's reinstatement.

- 9 -

the docket whether Deutsche Bank was served with the termination order;[11] (2) the pleadings clearly demonstrate Deutsche Bank has a meritorious claim; (3) the docket demonstrated the delay in activity was "the result of pending motions filed by both parties[;]" and (4) "Taggart is benefiting, rather than being prejudiced, by the delay, as it allows his continued occupancy of the property despite his alleged default in payment of the mortgage."). The court also noted that even if it had considered the petition under Rule 230.2, it would arrive at the same decision. *See id.* at 5-6.

In its brief, however, Deutsche Bank contends the Rule applicable to the termination and reinstatement of the present matter is Rule of Judicial Administration 1901. *See* Deutsche Bank's Brief at 10-12. We agree.

Here, the trial court acknowledged that it proceeded pursuant to Bucks County Administrative Order No. 29, when it entered a preliminary termination order on July 7, 2015. *See* Trial Court Opinion, 12/21/2016, at 2. That local Rule was promulgated pursuant to Pennsylvania Rule of Judicial Administration 1901, which provides, in pertinent part:

> It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of

---

[11] Although the docket indicates Pa.R.C.P. 236 notice was sent on September 29, 2015, the trial court correctly observed that "a Certificate of Service was not attached to the Termination Order." Trial Court Opinion, 12/21/2016, at 5.

time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

Pa.R.J.A. 1901(a). Subsection (b)(1) of the Rule directs the courts of common pleas to enact local rules to implement this policy. *See* Pa.R.J.A. 1901(b)(1). Bucks County Administrative Order No. 29 was promulgated to implement the termination policy in Rule 1901.

Order No. 29 directs the court administrator to compile, each month, a list of pending civil matters "in which there has been no activity reported on the docket for a period of more than two years[.]" B.C.A. Order No. 29 at (1). The administrator must then give written notice to the parties that the matter will be terminated in 30 days "unless a certification of active status is filed before the termination date." *Id.* at (2). If no response is filed with the requisite period, the Order stated: "the court administrator shall provide the prothonotary with a list of all cases to be terminated and it shall then be the duty of the prothonotary to mark the dockets accordingly[.]" *Id.* at (5). However, Order No. 29 also provides for the reactivation of terminated cases:

> Any application to reactivate any matter terminated in accordance with the provisions of paragraph (5) shall be submitted to and decided by the assigned Judge. Said application shall be made by petition and rule. The Court, in acting upon any such application, may proceed solely on the basis of the petition, if no answer has been filed. If an answer has been filed, the application should proceed in accordance with the provisions of Pa.R.C.P. 209 and B.C.R.C.P. *266. No order authorizing reactivation of any matter terminated pursuant to these Rules shall be effective except upon payment of the prevailing fee for commencement of actions chargeable by the Office of the prothonotary.

B.C.A. Order No. 29 at (6).

- 11 -

Here, it is evident the trial court took a common sense approach to the matter. Although Deutsche Bank did not follow the specific instructions in the preliminary termination order, it did, in fact, file a statement of its intention to proceed with the foreclosure action within the required 45 days. Although the court still, initially, terminated the action, it acted within its discretion when it reinstated the case upon Deutsche Bank's petition, which averred (1) Deutsche Bank never received the final termination order, (2) it had placed the matter on hold due to "associated protracted issues between the parties," and (3) the mortgage has remained in default.[12] Deutsche Bank's Motion to Reinstate, 12/21/2015, at ¶¶ 5, 6, 11. **See also** B.C.A. Order No. 29 at (6); Pa.R.J.A. 1901, Note ("Where a party objects to the termination of an inactive matter, it is intended that the court exercise its judicial discretion."). In its December 2016 opinion, the court emphasized:

> Taggart has allegedly been in default in mortgage payments for almost eight (8) years. The delay in prosecuting the case only served to benefit [him], as he continues to occupy his residence despite the fact that no payments have allegedly been made since March 2009.
>
> Any prejudice caused by the failure to file a Motion to Reinstate within thirty (30) days is clearly outweighed by the prejudice caused by Taggart's alleged default.

---

[12] We note Taggart asserts in his Reply Brief that Deutsche Bank did not pay the fee upon reinstatement as required in Subsection (6) of Order No. 29. Taggart's Reply Brief at 17. However, it does not appear Taggart ever made this argument before the trial court, nor did he provide any proof that the fee was not paid. Accordingly, we decline to find error on that basis.

Trial Court Opinion, 12/19/2016, at 6. Under these circumstances, the reinstatement of Deutsche Bank's foreclosure action did not constitute an error or abuse of discretion.

In his second issue, Taggart asserts the prothonotary erred when it rejected a pracipe to enter judgment in his favor which he presented in May of 2017. We find this matter is not properly before us. The certified record contains no evidence to support Taggart's allegation. Indeed, when the prothonotary purportedly refused to enter judgment, Taggart did not seek relief in the trial court. Rather, he filed the mandamus action in this Court.[13] In fact, Taggart never raised this claim in the trial court, nor did he ask the trial court to direct the prothonotary to enter judgment. Accordingly, this claim is not properly before us for review. *See Harber Philadelphia Ctr. City Office Ltd. v. LPCI Ltd. P'ship*, 764 A.2d 1100, 1105 (Pa. Super. 2000) ("The Superior Court, as an error-correcting court, may not purport to reverse a trial court's order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider."), *appeal denied*, 782 A.2d 546 (Pa. 2001).[14]

---

[13] We emphasize that when this Court denied relief, Taggart did not appeal that ruling.

[14] Taggart, similarly, never requested the trial court to correct the May 9, 2017, docket notation, which he asserts was improperly entered by the prothonotary. Therefore, that claim, too, is not properly before this Court.

Order affirmed.  Taggart's Application to Take Judicial Notice is Denied.[15]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/12/19

---

[15] After oral argument, on June 14, 2019, Taggart filed an application for relief, asking the panel to take judicial notice of "the docket, case law, and relevant pleadings that are crucial to the adjudication of the issues that are the subject of this appeal" pursuant to "Pa Rule 201."  Application for Relief, 6/14/2019, at 1.  However, his "application" is essentially a rehash of his appellate brief. Moreover, our research has uncovered no Pennsylvania Rule 201 that permits such a pleading.