J-S19004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH TAGGART | : | |
| | : | |
| Appellant | : | No. 211 EDA 2021 |

Appeal from the Order Dated December 2, 2020
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): No. 2019-18155

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 31, 2022**

Kenneth Taggart[1] appeals from the order denying his motion to strike

PHH Mortgage Corporation's praecipe to discontinue the mortgage foreclosure

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We note that after the notice of appeal and appellate briefs had been filed, the Pennsylvania Disciplinary Board suspended Taggart's counsel, Joshua Thomas, Esquire. **See** Order, 10/1/21 (*per curiam*) (stating that "upon consideration of the Recommendation of the Three-Member Panel of the Disciplinary Board, the Joint Petition in Support of Discipline on Consent is granted, and Joshua Louis Thomas is suspended on consent from the Bar of this Commonwealth for a period of two years."); **see also** Joint Petition in Support of Discipline on Consent, 10/1/21, at 29 (wherein the parties stipulated that Thomas "has a history of discipline in Pennsylvania for neglect and incompetent representation. His misconduct in multiple representations before various Federal Courts … demonstrates his current unfitness to practice law."). On appeal, Taggart does not seek new counsel, and instead, elected to proceed *pro se*. **See** Notice to Court and Request to File Reply Brief and Oral Argument, 6/22/22, at 1 ("Appellant, Kenneth Taggart, now represents

*(Footnote Continued Next Page)*

action without prejudice. Taggart argues that he would be prejudiced by the discontinuance and raises various defenses regarding the underlying foreclosure action. We affirm.

On July 16, 2019, PHH filed a complaint in mortgage foreclosure against Taggart, alleging that he failed to make any mortgage payments on his property located in Telford, Pennsylvania, since April 1, 2009. PHH sought an *in rem* judgment of over $1.2 million. Taggart filed preliminary objections to the complaint. On October 18, 2019, PHH filed an amended complaint, raising substantially the same claims. Taggart again filed preliminary objections to the amended complaint.

Subsequently, in November 2019, Taggart filed motions to compel discovery and to deem requests for admissions admitted. PHH filed replies to Taggart's motions. The parties appeared for oral argument before a discovery master on January 10, 2020; however, the master did not decide either of Taggart's motions; instead, he continued oral argument to February 14, 2020. In the interim, the trial court overruled Taggart's preliminary objections, and on January 28, 2020, Taggart file an answer and new matter.

---

himself in this case, *Pro Se*."); **see also** 42 Pa.C.S.A. § 2501(a) ("In all civil matters before any tribunal every litigant shall have a right to be heard, by himself and his counsel, or by either of them."); **Rich v. Acrivos**, 815 A.2d 1106, 1108 (Pa. Super. 2003) ("The law is well settled that there is no right to counsel in civil cases.").

On January 31, 2020, PHH filed a praecipe to discontinue the action without prejudice pursuant to Pa.R.C.P. 229(c). PHH indicated that it filed the praecipe to streamline the anticipated litigation and to reduce Taggart's ability to further delay PHH's foreclosure efforts.

On March 5, 2020, Taggart filed a motion to strike the discontinuance and requested that the trial court enter an order either dismissing the claims against Taggart with prejudice or enter a judgment in favor of Taggart and against PHH. In the motion, Taggart argued that PHH was not the owner of the underlying note and did not show a valid chain of title to the mortgage; the foreclosure action was barred by the statute of limitations; and the action was barred by laches because a previous foreclosure action on the same mortgage was voluntarily discontinued by PHH's predecessor, GMAC Mortgage, LLC.

PHH filed a response, arguing that the trial court did not have authority to act on Taggart's motion under 42 Pa.C.S.A. § 5505 because it was filed more than 30 days after the entry of the praecipe. Ultimately, the trial court denied Taggart's motion to strike the discontinuance. This timely appeal followed.

On appeal, Taggart raises the following questions for our review:

1. Did the trial court fail to strike the voluntary discontinuance of [PHH] pursuant to Pa.R.C.P. 229(c)?

2. Did [PHH] fail to evince ownership of the note and mortgage, or any future claims against [Taggart]?

Brief for Appellant at 3 (some capitalization omitted; issues renumbered).

As a preliminary matter, PHH argues that Taggart's motion to strike the discontinuance was untimely filed because it was filed on March 5, 2020, *i.e.*, more than 30 days after action was discontinued on January 31, 2020, and, therefore, the trial court did not have jurisdiction to address the motion to strike under 42 Pa.C.S.A. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."). **See** Brief for Appellee at 13-15. In essence, PHH claims that when the action was discontinued, there were no proceedings over which the trial court could exercise its jurisdiction. **See id.** at 13.

Pennsylvania Rule of Civil Procedure 229(a) provides that discontinuance is the "exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial." Pa.R.C.P. 229(a). "A discontinuance in strict law must be by leave of court, but it is the universal practice in Pennsylvania to assume such leave in the first instance." **Levitt v. Patrick**, 976 A.2d 581, 587 (Pa. Super. 2009) (citation omitted).

However, "[t]he court upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." Pa.R.C.P.

229(c). "The causes which will move the court to withdraw its assumed leave and set aside the discontinuance are addressed to its discretion[.]" **Levitt**, 976 A.2d at 587 (citation omitted). Further, "Rule 229(c) does not establish a time within which a motion to strike a discontinuance must be filed." **Nastasiak v. Scoville Enterprises, Ltd.**, 618 A.2d 471, 473 (Pa. Super. 1993)

Here, a discontinuance entered prior to trial cannot be immediately appealed but first must be addressed at the trial court's discretion pursuant to a motion to strike. **See** Pa.R.C.P. 229(c); **see also U.S. Bank Tr. Nat'l Ass'n as Tr. of Lodge Series III Tr. v. Unknown Heirs Under Brolley**, 2022 PA Super 107, 2022 WL 2062058, *6 (Pa. Super. 2022) (noting that "[u]nlike a judgment entered by confession or by default, which remains within the control of the court indefinitely and may be opened or vacated at any time upon proper cause shown, a judgment entered in an adverse proceeding ordinarily cannot be disturbed after it has become final.") (citation omitted). Therefore, because Rule 229(c) does not establish a time limit to file a motion to strike and setting aside a discontinuance prior to trial remains within the trial court's control, it had jurisdiction to address Taggart's motion to strike even though he filed it over 30 days after the praecipe. **See, e.g., Nastasiak**, 618 A.2d at 473-74 (determining the trial court abused its discretion in refusing to strike a discontinuance due to a 6-month delay in filing the petition to strike the discontinuance); **Hopewell v. Hendrie**, 562

A.2d 899, 900-01 (Pa. Super. 1989) (concluding that motion to strike discontinuance filed nine months after discontinuance was filed by plaintiff's counsel without notice to plaintiff should have been granted, noting that plaintiff filed the motion within one month of discovering the discontinuance).[2]

In his first claim,[3] Taggart contends that the trial court should have granted his motion to strike the discontinuance to protect him from unreasonable inconvenience, vexation, harassment, expense, or prejudice. *See* Brief for Appellant at 4, 8-9. Taggart highlights PHH's failure to hold the note; as such, he argues that the voluntary discontinuance should have been stricken by the trial court and a judgment entered in his favor. *See id.* at 5, 8, 10. To that end, Taggart asserts that subjecting him to future claims which have no basis in law establishes an abuse of discretion by the trial court. *See id.* at 6, 8, 9. Taggart further notes that discovery had commenced in the

_____

[2] We note that in an unpublished decision, the Commonwealth Court recently found that "[b]ecause a praecipe to discontinue serves as a final order, under Section 5505 of the Judicial Code, a court loses jurisdiction to modify or rescind that order after 30 days of its entry." *Wilmington Twp. v. Hahn*, 2020 WL 1026242, at *6 (Pa. Cmwlth. 2020). However, "decisions rendered by the Commonwealth Court are not binding on this Court." *Beaston v. Ebersole*, 986 A.2d 876, 881 (Pa. Super. 2009); *see also* Pa.R.A.P. 126(b) (noting that unpublished memorandum opinions by the Commonwealth Court may be cited for their persuasive value).

[3] Taggart's brief does not separate his argument into as many sections as provided in the statement of questions. *See* Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented). Nevertheless, despite Taggart's failure to comply with Rule 2119(a), we will address his claims.

case, and that PHH discontinued the action on the day it had to comply with discovery requests. *See id.* at 7, 8.

As noted above, the decision to strike a *praecipe* to discontinue is within the sound discretion of the trial court and we will not reverse in the absence of an abuse of that discretion. ***See Fancsali ex rel. Fancsali v. Univ. Health Ctr. of Pittsburgh***, 761 A.2d 1159, 1162 (Pa. 2000). In making its determination, the trial court must consider the facts and weigh the equities, including "the benefits or injuries which may result to the respective sides if a discontinuance is granted." ***Foti v. Askinas***, 639 A.2d 807, 808 (Pa. Super. 1994); ***accord U.S. Bank Tr. Nat'l Ass'n***, 2022 WL 2062058, at *5.

To determine if a party opposing a discontinuance has been prejudiced, "our courts have considered, *inter alia*, the length of time for which the case has been pending, the effort and expense those parties have incurred in discovery, and the disadvantage imposed by the passage of additional time on the parties' ability to litigate the claim." ***Marra v. Smithkline Beecham Corp.***, 789 A.2d 704, 706-07 (Pa. Super. 2001) (citation omitted).

We conclude that the trial court did not abuse its discretion in denying Taggart's motion to strike the discontinuance. Here, PHH's discontinuance of its action does not prejudice, inconvenience, or harass Taggart. Indeed, Taggart fails to establish that the discontinuance will affect his ability to defend any subsequent foreclosure action arising out of this case. In this regard, Taggart is free to raise his extensive defenses in any future action, without

regard for the discontinuance in this action. **See Nastasiak**, 618 A.2d at 473 (noting that in determining "prejudice," courts must consider whether allowing the action to proceed after it had been discontinued will put the defendant at any significant disadvantage in defending a subsequent lawsuit).

Moreover, Taggart filed his answer and new matter three days before the praecipe for discontinuance and the parties had not conducted extensive discovery at that time. Accordingly, any purported economic burden that litigation placed on Taggart would be absorbed, at least in part, by the fact that he has maintained the mortgaged property without paying the mortgage. **See Taggart v. Deutsche Bank Nat'l Trust Co., et al.**, 2021 WL 2255875, **1-2 (E.D. Pa. 2021) (explaining that Taggart is a serial litigant who has been involved in over 30 cases wherein he attempts to avoid paying his obligations under various mortgages).

Finally, we reject Taggart's assertion that any future foreclosure actions are barred by the statute of limitations. As the trial court correctly found, the mortgage at issue is under seal. **See** Trial Court Opinion, 5/20/21, at 7-9; **see also Driscoll v. Arena**, 213 A.3d 253, 259 (Pa. Super. 2019) (noting that "a presumption of a sealed document arises where the pre-printed word 'seal' appears by the signatures."). Accordingly, a twenty-year statute of limitations applies. **See** 42 Pa.C.S.A. § 5529. We likewise reject Taggart's claim that the Legislature's amendment of Section 5529, which deleted the expiration date of the statute, **see** Act No. 2018-46, H.B. 1979, § 1, would impose an *ex post*

*facto* application of the statute of limitations upon him. ***See*** Brief for Appellant at 23-24. Taggart does not cite to any case law to support this proposition or establish that the mere deletion of the expiration date of the statute changed the statute of limitations for this mortgage under seal.

In light of the foregoing, we conclude that the trial court did not err in finding Taggart will not suffer any prejudice, harassment, inconvenience, or vexation due to the discontinuance. Consequently, Taggart's claim is without merit.

Taggart's remaining claims raise defenses to the underlying foreclosure action and seek resolution of his new matter. ***See*** Brief for Appellant at 10-31. However, the only issue properly before this Court is whether the trial court abused its discretion in denying Taggart's motion to strike the discontinuance. Therefore, we will not resolve PHH's foreclosure action on the merits, or Taggart's defenses or new matter. As noted above, Taggart is free to raise any of these defenses if PHH brings another action. Accordingly, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2022