514 A.2d 991

Upper Providence Township and Township Council of Upper Providence, Appellants *v.* Joseph D. Buggy et al., Appellees.

Argued June 9, 1986, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge ROGERS, sitting as a panel of three.

*Gerald F. McCormick,* with him, *Guy A. Messick, Fronefield & deFuria,* for appellants.

*Leonard V. Tenaglia, Richard, DiSanti, Hamilton, Gallagher & Paul,* for appellees.

OPINION BY JUDGE BARRY, September 9, 1986:

Upper Providence Township (Township) and the Township Council of Upper Providence appeal an order of the Court of Common Pleas of Delaware County transferring a dispute between the appellants and four Township police officers to binding arbitration pursuant to Section 4 of the Act of June 24, 1968, P.L. 237 (Act 111), 43 P.S. §217.4.

In 1978, the Township and its police officers entered into a collective bargaining agreement which established, *inter alia,* the maximum basic wage for the officers. In 1980, another collective bargaining agreement was signed, calling for a ten per cent increase in wages. When an impasse occurred in the bargaining process in 1981, the matter was referred to binding arbitration and the arbitrator awarded the officers a $1500.00 raise in 1981 and a $1600.00 raise in 1982. In 1983, binding arbitration was again required and the arbitrator awarded the officers a pay increase of $1300.00 for 1983.

In August of 1983, four individual officers, Joseph D. Buggy, Anthony J. Bowdren, Michael Boudwin and Charles List and the Delaware County Fraternal Order of Police, Lodge # 27, filed a complaint in *mandamus,* alleging that the Township was misinterpreting the original 1978 collective bargaining agreement, the 1980 collective bargaining agreement and the subsequent arbitration awards by paying its officers at three different wage levels. The plaintiffs also alleged that this arrangement violated the Upper Providence Code.

In October of 1984, the Township filed a motion for summary judgment, arguing that the *mandamus* action to compel compliance with a wage equalization provision in the Township Code was improper and that the sole method for resolving such disputes concerning wages was through the collective bargaining process. In response, the plaintiffs agreed that summary judgment should be granted, citing *Chirico v. Board of Supervisors of Newtown Township*, 504 Pa. 71, 470 A.2d 470 (1983), a decision filed after the complaint in *mandamus* in this case which held that courts had no authority to interpret any provision of a binding arbitration award, that responsibility resting with an arbitrator.[1] The plaintiffs also filed a petition requesting the court to transfer the matter to binding arbitration under Act 111. The trial court granted the motion for summary judgment and transferred the matter to arbitration. The Township has appealed the latter portion of the trial court's order.

In *Chirico,* an award had been issued by an arbitrator after an impasse had been reached in the collective bargaining process. When a question of interpretation arose concerning one of the award's provisions relating to the terms and conditions of employment, the parties sought the assistance of the courts. While recognizing that Act 111 provided specifically only for binding arbitration when an impasse resulted from the collective bargaining process, the court filled this "obvious vacuum", *id.* at 79, 470 A.2d at 470, and held that binding arbitration must be employed in disputes concerning interpretation of the binding arbitration award. The court did so because Act 111 prohibits use of the courts in resolution of disputes within the Act's context.

---

[1] The officers at this point abandoned any argument that their claim rested on the wage equalization provisions of the Township Code, basing it entirely on the interpretation of the agreements and arbitration awards.

The Township argues presently that *Chirico* is distinguishable, pointing to the obvious fact that the document being interpreted here is a collective bargaining agreement rather than a binding award. While arbitration may be the only method of resolving grievances under a binding award, the Township posits that the only remedy available when a dispute concerns a collective bargaining agreement is the bargaining process itself. We disagree.

Were the Township's position correct, a municipality could interpret a provision of a collective bargaining agreement in a bad faith manner and yet prevent the officers from obtaining redress for the duration of the agreement simply because the question was one of "interpretation". Although the present case shows no such bad faith on the Township's part, the Township's argument can be reduced to an absurdity. Furthermore, in *Township of Moon v. Police Officers of the Township of Moon*, 508 Pa. 495, 498 A.2d 1305 (1985), the court gave approval to a binding arbitration award which provided for binding grievance arbitration when disputes arose concerning interpretation of the award, thereby buttressing our opinion that arbitration is the method for resolving disputes under a collective bargaining agreement.

The Township next argues that the request for resolution via arbitration is untimely, citing Section 3 of Act 111 which provides, "Collective bargaining shall begin at least six months before the start of the fiscal year of the political subdivision . . . and any request for arbitration as hereinafter provided, shall be made at least one hundred and ten days before the start of said fiscal year." 43 P.S. §217.3. However, in *Moon*, the court held that grievance arbitration procedure established there need not comply with the procedural requirements contained in Section 4 of Act 111. Certainly a procedural

requirement obviously applicable only to interest arbitration following an impasse in the collective bargaining process would have no applicability to the grievance arbitration at issue here.

ORDER

NOW, September 9, 1986, the order of the Court of Common Pleas of Delaware County, dated March 11, 1985, at No. 83-8562, is affirmed.