# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Thanhauser and Robert Logan,   :
                 Appellants   :
                          :    No. 1169 C.D. 2017
        v.                    :    Argued: June 4, 2018
                          :
Douglass Township               :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                   HONORABLE ELLEN CEISLER, Judge
                   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION**
**BY JUDGE SIMPSON**              **FILED: JULY 18, 2018**

Retired police officers Kevin Thanhauser (Thanhauser) and Robert Logan (Logan) (collectively, Officers) appeal from an order of the Court of Common Pleas of Montgomery County (trial court) granting the motion to dismiss filed by Douglass Township (Township) based on lack of jurisdiction. The Township Police Department employed Officers until their retirement. Officers' terms and conditions of employment, including retirement, were subject to mandatory arbitration under the Policemen and Firemen Collective Bargaining Act[1] (Act 111). The trial court dismissed Officers' complaint in mandamus seeking to compel the Township to provide post-retirement health benefits established pursuant to Act 111 arbitration. The trial court determined it lacked subject matter jurisdiction because the dispute required interpretation of negotiated terms and conditions of employment, which fall within an arbitrator's exclusive jurisdiction. Discerning no error below, we affirm.

---

[1] Act of June 24, 1968, P.L. 237, as amended, 43 P.S. §§217.1-217.10.

# I. Background

While employed, Officers were members of the Police Officers' Collective Bargaining Unit. Am. Compl. at ¶5. As such, their terms and conditions of employment, including retirement, were governed by Act 111.

Prior to their retirements, Officers worked for the Township full-time. Logan retired in 2005. Am. Compl. at ¶2. At that time, retirement benefits were governed by the 2005-2007 Interest Arbitration Award (Award). The Award carried forward most terms in the 2002-2004 collective bargaining agreement (CBA). Thanhauser retired in June 2009, when the 2008-2011 CBA was in effect.

At the times of Officers' retirements, the operative CBAs and the Award provided that Officers and their spouses were entitled to receive post-retirement medical insurance benefits for life. Specifically, Section 10 of the Award stated in pertinent part, "the Township shall provide <u>comparable health insurance benefits</u> for officers and their spouses after retirement from the Township … for the life of the retired officer." Reproduced Record (R.R.) at 130a (emphasis added). The 2008-2011 CBA contained virtually identical language, stating: "[The] Township shall provide <u>comparable health insurance benefits</u> for Officers and their spouses after retirement … for the life of the retired Officer." R.R. at 146a (emphasis added).

As to grievances, the CBAs governing both Officers provided: "Grievances are limited to the matters involving the interpretation of [the CBA]" and include matters of discipline." Id. at 120a (2002-2004 CBA), 155a (2008-2011 CBA). The CBAs set forth the same graduated grievance procedure, comprised of four

steps.[2] The "Grievance" section of the respective CBAs also stated (with emphasis added): "<u>Failure to implement an award</u>, administratively or legislatively, <u>is enforceable</u> through the Pennsylvania Labor Relations Board as an unfair labor practice, or <u>by a mandamus action in the courts</u>." R.R. at 122a, 157a.

Officers became dissatisfied with their health insurance benefits when the Township's carrier discontinued the health plan in 2010. Active duty officers' coverage also changed as a result. Am. Compl. at ¶15. Although Officers continued to receive health insurance through the Township's plan, they contested the coverage as "inferior" to the coverage they received at the time they retired. Id. at ¶18.

Initially, Officers pursued the grievance process to enforce the health insurance benefits provisions of the CBAs and the Award. However, Officers discontinued the process during step two before the Township rendered a decision.

Instead of pursuing their grievances, in March 2013, Officers filed a complaint seeking mandamus relief.[3] Specifically, Officers sought to compel the Township to comply with Act 111 and provide them with "comparable health insurance benefits" to those in effect when they retired. Id. Officers argued the

---

[2] In step one, an officer presents a grievance to the Chief of Police. In step two, an officer may appeal the decision to the Township Board of Supervisors. The third step is arbitration by a jointly-selected arbitrator. In the fourth step, an arbitration may be appealed to a court of common pleas. Reproduced Record (R.R.) at 120a-22a (2002-2004 CBA); 155a-57a (2008-2011 CBA). Judicial review is limited to the following: (1) an arbitrator's jurisdiction; (2) regularity of the proceedings; (3) whether an arbitrator exceeded his powers; and, (4) deprivation of constitutional rights. City of Phila. v. Int'l Ass'n of Fire Fighters, Local 22, 999 A.2d 555 (Pa. 2010).

[3] During argument, current counsel for both sides confirmed that former counsel agreed to proceed by mandamus. However, current counsel were unaware of the reason for that decision.

Township's new insurance plan did not provide the health insurance benefits to which they were contractually entitled. In addition, Officers sued for monetary damages to reimburse out-of-pocket expenses they incurred related to the coverage changes.

The Township filed preliminary objections alleging insufficient specificity and seeking joinder of the Police Department as a necessary party. Officers filed a response. The trial court dismissed the preliminary objections for lack of briefs. The Township then answered the complaint; it did not assert any new matter.

Thereafter, the parties entered into a stipulation allowing Officers to file an amended complaint, which they filed in March 2014 (Amended Complaint). Although the Amended Complaint was endorsed with a notice to plead, the Township did not file a responsive pleading within the requisite 20 days.

The parties exchanged discovery, and in 2016, the parties completed discovery in accordance with the trial court's case management order. The trial court then listed the matter for trial.

Three years *after* receiving the Amended Complaint, in March 2017, the Township filed an answer with new matter. Among other defenses, the Township asserted the dispute must be resolved through the grievance process. Officers moved to strike the answer and new matter as untimely, alleging reliance on the Township's inaction as admitting the allegations in the Amended Complaint and waiving any defenses. The trial court, through Senior Judge Calvin Drayer, Jr., struck the answer and new matter. See R.R. at 383a (Tr. Ct. Order, 6/19/17).

4

While Officers' preliminary objections were pending, on April 21, 2017, the Township filed a separate motion to dismiss based on lack of jurisdiction (Motion to Dismiss). R.R. at 385a-89a. Therein, the Township argued the trial court lacked jurisdiction because Officers' claims arose from a dispute under the CBAs, and were subject to mandatory statutory arbitration. In addition, the Township argued the mandamus claims were barred by the six-month statute of limitations.

Officers responded to the Motion to Dismiss shortly thereafter. R.R. at 489a-543a. Significantly, Officers emphasized: "At no time prior to April 21, 2017 did [the Township] challenge the jurisdiction of [the] [trial] [c]ourt …." Answer to Mot. at ¶2 (emphasis added); see also id. at ¶24 ("At no time until April 21, 2017[,] did the Township object to proceeding in mandamus.").

The trial court, through Judge Carolyn Tornetta Carluccio, granted the Motion to Dismiss, dismissing the Amended Complaint for lack of jurisdiction under Pennsylvania Rule of Civil Procedure No. 1032(b). R.R. at 544a (Tr. Ct. Order, 7/25/17).

Pursuant to Pa. R.A.P. 1925(b), Officers filed a concise statement of the errors complained of on appeal, as directed by the trial court. The trial court then issued its Rule 1925(a) opinion supporting dismissal. It reasoned that disputes involving construction of the Award and the CBAs were subject to arbitration under Act 111, and fell within an arbitrator's exclusive jurisdiction.

After briefing and oral argument, the matter is ready for our disposition.

5

## II. Issues

Although Officers present a number of issues for our review, the two jurisdiction-based challenges compel our consideration before turning to the merits.[4] First, we consider whether the trial court lacked subject matter jurisdiction over Officers' mandamus claims. We also assess whether the trial court was precluded from dismissing Officers' claims based on the coordinate jurisdiction rule.

## III. Discussion

On appeal,[5] Officers argue the matter is within the trial court's jurisdiction because arbitrated terms are enforceable through a mandamus action. Officers also maintain the Township waived any objection to the trial court's jurisdiction when it participated in the judicial process. In addition, Officers contend the trial court violated the coordinate jurisdiction rule by dismissing their claims after a judge of the same court struck new matter that alleged the dispute was solely subject to resolution through the grievance process.

The Township responds that Officers' claims must be arbitrated under Act 111. It contends the trial court lacks jurisdiction to interpret provisions of the CBAs or the Award, which are within an arbitrator's sole authority. The Township emphasizes Officers did not avail themselves of the grievance process as required.

---

[4] In addition to questions involving their mandamus claims, Officers asserted in their statement of questions that the trial court erred in denying oral argument on the Motion to Dismiss. However, they did not cite any supporting authority or argue that issue in their brief. Thus, this issue is waived. Rapid Pallet v. Unemployment Comp. Bd. of Review, 707 A.2d 636 (Pa. Cmwlth. 1998). Also, at argument, Officers' counsel conceded oral argument below was not required.

[5] Our review of an order granting a motion to dismiss for lack of jurisdiction is limited to whether the trial court abused its discretion or committed an error of law. Fraternal Order of Police, White Rose Lodge No. 15 v. City of York, 708 A.2d 855 (Pa. Cmwlth. 1998).

6

## A. Subject Matter Jurisdiction

The trial court dismissed Officers' mandamus suit for lack of subject matter jurisdiction pursuant to Rule 1032(b) because its disposition required interpretation of terms subject to mandatory arbitration under Act 111.

"Act 111 is the exclusive statute which governs the collective bargaining and employment relationships between police or fire personnel of the Commonwealth or any political subdivision thereof." Fraternal Order of Police, White Rose Lodge No. 15 v. City of York, 708 A.2d 855, 858-59 (Pa. Cmwlth. 1998). Disputes concerning terms and conditions of employment, including retirement, are subject to resolution through grievance arbitration. Section 1 of Act 111, 43 P.S. §217.1. Grievance arbitration involves the resolution of a dispute over the proper interpretation of an existing collective bargaining agreement. Fraternal Order of Police, Lodge No. 5 ex rel. Costello v. City of Phila., 725 A.2d 206 (Pa. Cmwlth. 1999).

There is no dispute that Officers did not complete the grievance process. Instead, based on an agreement between counsel, Officers filed suit in the trial court.[6] In their mandamus claims, Officers alleged the Township did not provide "comparable … health insurance benefits" to Officers and their spouses as the Award and the 2008-2011 CBA require. Am. Compl. at ¶9. The term "comparable health insurance benefits" is not defined in either the Award or the operative CBAs. R.R. at 130a (Award), 146a (2008-2011 CBA).

---

[6] No written agreement documenting counsel's agreement to proceed by litigation appears in the record. An affidavit of Officers' former counsel, Blake Dunbar, states only that he and the Township's former solicitor agreed the Township would "waive the continuation of the grievance procedure" in favor of proceeding in the trial court. R.R. at 507a.

## 1. Arbitrability

The Township contends that breach of the Award and CBAs fall solely within arbitral authority. The Township cites three cases in support of its lack of jurisdiction argument: Chirico v. Board of Supervisors, 470 A.2d 470 (Pa. 1983); Huffman v. Borough of Millvale, 591 A.2d 1137 (Pa. Cmwlth. 1991); and Upper Providence Township v. Buggy, 514 A.2d 991 (Pa. Cmwlth. 1986).

In Chirico, our Supreme Court held that a claim alleging breach of an interest arbitration award must be arbitrated. Like Officers here, in Chirico, the police officers filed a mandamus action to enforce an interest arbitration award. In order to grant relief, the trial court interpreted the undefined term "vacation week." Id. at 472. On appeal, this Court held the trial court did not have jurisdiction to define a term of employment because such construction was within the province of the arbitrators. Our Supreme Court agreed, holding the courts lack jurisdiction to interpret a provision of an arbitration award.

Huffman involved an allegation that the Borough did not compensate a police officer for his leave time in accordance with the collective bargaining agreement. The trial court determined that the dispute was arbitrable, and subject to Act 111, and dismissed the action as beyond its jurisdiction. On appeal, this Court held that the collective bargaining agreement governed disputes pertaining to salary and benefits. Significantly, this Court analyzed the terms of the agreement to discern whether arbitration was the exclusive forum for resolving the action. Based on the language of the agreement, we held arbitration was the sole forum for dispute resolution. As a result, we affirmed the trial court's order dismissing the case.

8

In <u>Buggy</u>, the trial court transferred a dispute between police officers and the township to an arbitration panel. There, the police officers filed a mandamus complaint alleging the township misconstrued the interest arbitration awards and the collective bargaining agreements as to wages. The township asserted arbitration was the sole means of resolving the wage disputes. Because our Supreme Court issued <u>Chirico</u> shortly before, the parties agreed that interpretation of the agreements and of interest arbitration awards were within arbitral as opposed to judicial authority. Consequently, the mandamus action did not proceed.

Since deciding <u>Chirico</u>, our Supreme Court recognized mandamus as an appropriate remedy to enforce an arbitration award. <u>See</u> <u>Guthrie v. Borough of Wilkinsburg</u>, 499 A.2d 570 (Pa. 1985) (holding officers may file mandamus action to enforce salaries set forth in arbitration award). Where the award required no interpretation of terms, the Court held that "under Act 111 … such an arbitration award for compensation [was] eminently valid and enforceable." <u>Id.</u> at 572.

Appellate decisions demonstrate that if the issue is enforcement of established rights, mandamus offers an appropriate remedy. <u>Guthrie</u>; <u>Christian v. Johnstown Police Pension Fund</u>, 218 A.2d 746 (Pa. 1966); <u>DeBald v. McCarthy</u>, 487 A.2d 460 (Pa. Cmwlth. 1985). However, when resolution of the dispute involves interpretation of terms and conditions of employment, and alleged misinterpretation of such terms (whether of an arbitration award or of a CBA), the matter is not mere enforcement of established rights. <u>Chirico</u>; <u>Buggy</u>. Rather, the matter falls within exclusive arbitral authority to construe terms of employment.

9

There is no dispute that Officers' mandamus claims seek to compel the Township's compliance with terms contained in the Award and the CBAs. Specifically, Officers allege the Township breached its obligation to provide "comparable health insurance benefits" to Officers post-retirement. R.R. at 130a, 146a. However, Officers do not cite definite terms for the trial court's enforcement. Indeed, the record reflects that the parties disagree as to the meaning of "comparable" health insurance benefits and the basis for comparison.

The grievance process afforded Officers a means for redressing the Township's alleged failure to provide "comparable health insurance benefits" to Officers and their spouses post-retirement. Id. Both Act 111 and the grievance provisions in the CBAs mandate arbitration for disputes concerning the language of the CBAs. Huffman; Logan v. Borough of Dickson City (Pa. Cmwlth., No. 1447 C.D. 2012, filed Apr. 4, 2013), 2013 WL 3973800 (unreported); R.R. at 120a (2002-2004 CBA), 155a (2008-2011 CBA). Similarly, "[a] dispute over the interpretation of a provision in an existing award falls within the ambit of grievance arbitration." Chirico, 470 A.2d at 474 (citing Geriot v. Council of Borough of Darby, 417 A.2d 1144 (Pa. 1980)).

Resolution of Officers' mandamus claims requires construction of the undefined term "comparable health insurance benefits." The term appears in the Award and the 2008-2011 CBA. Construction of such terms is within the arbitrators' exclusive jurisdiction. Chirico. Therefore, the trial court lacked subject matter jurisdiction to resolve Officers' mandamus claims.

10

## 2. Timing of Jurisdictional Challenge

Officers next argue that by waiting three years to challenge subject matter jurisdiction, the Township waived that defense. We disagree.

The trial court properly addressed its jurisdiction over Officers' mandamus claims under Rule 1032(b). In re Adoption of W.C.K., 748 A.2d 223 (Pa. Super. 2000). Rule 1032(b) provides that when a court lacks subject matter jurisdiction, "it shall dismiss the action." Pa. R.C.P. No. 1032(b).

Pursuant to Rule 1032(b), a court has the authority to consider its jurisdiction over the subject matter "at any time …." In re Adoption of W.C.K., 748 A.2d at 227. Because jurisdiction is a prerequisite before a court may address the merits, it "may be raised by the court *sua sponte* if necessary." LeFlar v. Gulf Creek Indus. Park No. 2, 515 A.2d 875, 879 (Pa. 1986).

Therefore, notwithstanding the Township's three-year delay in raising the jurisdictional bar to Officers' mandamus claims, the trial court properly concluded it lacked jurisdiction.

## 3. Waiver

Officers also claim the Township waived its right to arbitration because it participated in the judicial process for three years. In support, they cite the doctrine that a party may waive its right to have a dispute submitted to arbitration when the party, by virtue of its conduct, "accepted the judicial process." St. Clair Area Sch. Dist. v. E.I. Assocs., 733 A.2d 677, 682 n.6 (Pa. Cmwlth. 1999) (citing Moscatiello

11

Constr. Co. v. Pittsburgh Water & Sewer Auth., 648 A.2d 1249 (Pa. Cmwlth. 1994)). In so doing, Officers disregard the difference between arbitration clauses contained in a contract, and arbitration mandated by statute, as in this case.

Here, the parties did not merely agree to arbitrate disputes. Rather, arbitration of terms of employment, including retirement, is required by Act 111. Section 1 of Act 111, 43 P.S. §217.1.

A party may waive a *contractual* right to arbitrate when it fails to raise the issue of compulsory arbitration in a timely manner. St. Clair Area Sch. Dist. When parties voluntarily agree to arbitrate disputes, they may opt to waive that contractual provision. However, it does not follow that parties compelled to arbitrate by statute may decide to suspend operation of that statute. Act 111 governs the right to arbitrate here, not the parties' agreement. Accordingly, decisions finding waiver of a contractual right to arbitration do not apply in the statutory arbitration context.[7]

This Court also rejects Officers' argument that the Township is precluded from challenging jurisdiction because it stipulated to the filing of a mandamus action to resolve the dispute. Subject matter jurisdiction is so fundamental that "such jurisdiction cannot be obtained by consent of the parties, or by waiver or estoppel." In re Borough of Valley-Hi, 725 A.2d 206, 211 (Pa. Cmwlth. 1999) (emphasis added). Despite the parties' purported agreement to proceed by mandamus, the parties may not confer subject matter jurisdiction on the trial court. In re Incorp. of Borough of Pocono Raceway, 646 A.2d 6 (Pa. Cmwlth. 1994).

---

[7] Our opinion does not preclude Officers from arguing waiver or timeliness issues before the arbitrator.

## B. Coordinate Jurisdiction

Next, we consider Officers' contention that the coordinate jurisdiction rule precluded the trial court from granting the Motion to Dismiss.

The coordinate jurisdiction rule falls within the more general "law of the case" doctrine.[8]  Essentially, the rule provides that judges of coordinate jurisdiction sitting in the same case should not overrule each other's decisions.  See Okkerse v. Howe,  556 A.2d 827 (Pa. 1989).

The purpose of the coordinate jurisdiction rule is "(1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end." Com. v. Starr, 664 A.2d 1326, 1331 (Pa. 1995).  The rule seeks to ensure fundamental fairness "by preventing a party aggrieved by one judge's interlocutory order [from attacking] that decision by seeking and securing relief from a different judge of the same court …." Id. at 1332.  It also fosters finality and judicial economy.

However, the coordinate jurisdiction rule does not apply "where the motions differ in kind."  Goldey v. Trs. of Univ. of Pa., 675 A.2d 264, 267 (Pa. 1996).  For example, a prior ruling on preliminary objections does not preclude a

---

[8] "The law of the case doctrine is a judicial rule that discourages a court involved in later phases of a litigated matter from reopening questions decided by another judge of the same court or a higher court in an earlier phase of the litigation." Peden v. Gambone Bros. Dev. Co., 798 A.2d 305, 310 (Pa. Cmwlth. 2002).  Under the doctrine, "upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court." Com. v. Starr, 664 A.2d 1326, 1331 (Pa. 1995).

13

contrary ruling by a new judge on a subsequent motion for summary judgment. Bates v. Del. Cty. Prison Emps.' Indep. Union, 150 A.3d 121 (Pa. Cmwlth. 2016). This Court reasoned that preliminary objections "differ in kind" from motions for summary judgment. Id. at 127 (citing Goldey).

Officers assert the trial court (Judge Carluccio) was bound by an earlier order issued by a judge of the same court (Senior Judge Drayer) that sustained Officers' preliminary objections to the Township's untimely answer and new matter. Because the coordinate jurisdiction rule does not apply to these facts, we disagree.

In their preliminary objections, Officers asked the trial court to strike the Township's answer and new matter to the Amended Complaint because it was filed three years late. Their challenge was procedural, based on untimeliness and prejudice from the delay in filing.

However, in their appeal to this Court, Officers emphasize the Township's new matter challenged the trial court's jurisdiction by claiming the matter must be resolved by grievance arbitration. By striking the new matter, Officers assert the trial court addressed the Township's jurisdictional challenge in their favor. Officers posit the coordinate jurisdiction rule required Judge Carluccio to defer to Senior Judge Drayer's decision striking the Township's new matter.

We are unpersuaded that the circumstances here implicate the coordinate jurisdiction rule.

14

First, in Officers' response to the Motion to Dismiss, they disclaim that the Township ever raised a challenge to the trial court's jurisdiction before filing the Motion to Dismiss. Indeed, Officers stated the Township did <u>not</u> challenge the trial court's jurisdiction to address their mandamus claims before <u>April 21, 2017</u>. Answer to Mot. at ¶¶2, 24. The Township filed the new matter that purportedly set forth a jurisdictional challenge in March 2017,[9] whereas it filed the Motion to Dismiss in late April 2017. Officers' argument on appeal is thus contradicted by their filings of record before the trial court.

Second, the basis for Officers' preliminary objections was untimeliness and related prejudice. Therefore, the trial court did not need to address the viability of the Township's affirmative defenses to rule in Officers' favor. Further, the order sustaining Officers' preliminary objections was not accompanied by an opinion or a statement of reasons. Thus, it is not clear that the trial court considered its subject matter jurisdiction at that time, much less that it ruled in Officers' favor on that issue.

Third, the Motion to Dismiss was a dispositive motion more akin to a motion for summary judgment than to Officers' preliminary objections to the Township's untimely answer and new matter. Because the filings before the trial court were of different types, the coordinate jurisdiction rule does not apply. <u>Goldey</u>.

Accordingly, the coordinate jurisdiction rule did not preclude the trial court from granting the Motion to Dismiss.

---

[9] The closest allegation to a jurisdictional challenge contained in the Township's new matter alleged the "grievance procedure constitutes the sole avenue of redress for the claims raised in the instant [Amended] Complaint." R.R. at 172a.

15

## C. Remaining Issues

Because the trial court lacked subject matter jurisdiction, we need not address issues related to Officers' mandamus claim.[10]

## IV. Conclusion

In sum, Officers' mandamus claims require interpretation of the term "comparable health insurance benefits" contained in both the Award and the CBAs. Alleged misinterpretation of the term is not established, necessitating interpretation by an arbitrator. As a consequence, the matter falls within an arbitrator's exclusive jurisdiction. For these and the foregoing reasons, we affirm the trial court's order.

_____
ROBERT SIMPSON, Judge

---

[10] However, notwithstanding the language in the CBAs that authorizes a mandamus proceeding to compel compliance with an interest arbitration award (R.R. at 122a, 157a), mandamus is not appropriate where the terms are not established. Here, Officers' claims necessitate construction of the term "comparable health insurance benefits." The alleged right to comparable benefits is ambiguous, requiring some interpretation, and so is not "clear," as it must be in a mandamus action. DeBald v. McCarthy, 487 A.2d 460, 463 (Pa. Cmwlth. 1985) (holding "mandamus is available to enforce clear contractual rights arising from Act 111 collective bargaining agreements and arbitration awards" when terms lack ambiguity).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Thanhauser and Robert Logan,  :
                     Appellants  :
                                :    No. 1169 C.D. 2017
             v.              :
                                  :
Douglass Township           :

## **O R D E R**

**AND NOW**, this 18th day of July, 2018, the order of the Court of Common Pleas of Montgomery County is **AFFIRMED**.

 

 

_____
ROBERT SIMPSON, Judge