# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wilmington Township          :
                             :
            v.               :    No. 457 C.D. 2019
                             :    Argued: February 10, 2020
Carrie Hahn,                 :
                 Appellant   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED: March 2, 2020**


Carrie Hahn (Appellant) appeals from the March 19, 2019 Order of the Court of Common Pleas of Lawrence County (common pleas), which granted a Motion to Strike (Motion) filed by Wilmington Township (Township), striking Appellant's Petition to Enforce a Final Determination of the Office of Open Records (OOR) from the record with prejudice. Appellant asks this Court to vacate the Order and remand the matter for common pleas to hold an evidentiary hearing regarding whether Appellant's former counsel had authority to consent on her behalf to a settlement agreement that resulted in the underlying action being discontinued. Because Appellant's Petition to Enforce was filed more than 30 days after the underlying matter was voluntarily discontinued by Township, common pleas determined it lacked jurisdiction to hear it and, accordingly, granted Township's Motion and

struck Appellant's Petition to Enforce. Upon review, we affirm the Order to the extent it granted Township's Motion and struck Appellant's Petition to Enforce but we reverse the Order to the extent it dismissed the matter with prejudice. Upon remand of the matter, common pleas should permit Appellant to file a motion to strike the discontinuance that conforms to the applicable rules within 30 days.

I.     **BACKGROUND**

The relevant procedural and factual history of this case is recounted by common pleas in its opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), as follows:

> The instant appeal has its genesis in a request for public records under the Right-to-Know Law[1] (RTKL) . . . filed by [Appellant] with Township beginning on October 26, 2017. . . . Specifically, [Appellant] sought from Township "invoices for Professional Service [sic] from Louis M. Perrotta, P.C." Township's solicitor, for the period spanning January 29, 2016 to October 31, 2017. [] Township, after invoking a thirty-day extension pursuant to [Section 902 of the RTKL,] 65 P.S. § 67.902, responded on November 29, 2017, by granting [Appellant]'s request in part and denying it in part by redacting portions of the invoices that it claimed were protected by attorney-client privilege and work-product doctrine. []
>
> Dissatisfied with the redactions and the grounds for them asserted by Township, [Appellant] appealed to the [OOR] on December 7, 2017. [] The OOR, after performing an *in camera* review of the original, unredacted versions of the disputed records, rendered its Final Determination on January 12, 2018, which both affirmed and denied Township's redactions. [] Importantly, the OOR required Township to rescind many redactions for what it considered routine information unprotected by attorney-client privilege or work-product doctrine; however, the OOR still permitted Township to keep dozens of redactions for these same reasons. [] Now the aggrieved party, Township elected to petition [common pleas] for judicial review of the

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

OOR's [Final D]etermination, as permitted by the RTKL, which it did on March 22, 2018. . . .

By order dated April 3, 2018, [common pleas] scheduled Township's appeal first for a status conference on June 25, 2018. At that time, [Appellant] lacked an attorney of record, and acted as a *pro se* litigant. However, as the status conference drew nigh, Terry Mutchler, Esq., filed a Praecipe for Entry of Appearance as counsel for [Appellant] on June 22, 2018. Three days later, on the date the status conference was to take place, counsel for Township advised [common pleas] that a settlement had been reached and contemporaneously filed a Praecipe to Discontinue with the Prothonotary of Lawrence County, which stated that "[the] parties have reached a settlement in the above-captioned matters. Kindly discontinue the above-captioned matters with prejudice." The Prothonotary, upon receipt of the praecipe, accordingly marked the case discontinued with prejudice.

For eight months following Township's Praecipe to Discontinue, nothing was filed of record in this case. Then, on February 21, 2019, [Appellant] filed what she styled a "Petition to Enforce Determination of Office of Open Records" (Petition to Enforce) alongside a Notice of Pro Se Appearance. [Appellant] next appeared, and again did so *pro se*, . . . at motion court on February 25, 2019, to present a motion to consolidate this case . . . with another OOR appeal pending with [common pleas] . . . . [Common pleas] inquired of [Appellant] whether she had provided proper notice to opposing counsel prior to presenting her motion and whether Attorney Mutchler remained [Appellant]'s counsel of record. [Appellant] replied that she had not provided the appropriate notice to Township's counsel and that she had not had much recent contact with her counsel of record. [Common pleas] declined to entertain [Appellant]'s motion and instead advised her to provide the necessary notification to Township's counsel and to have Attorney Mutchler withdraw her appearance before attempting presentation of her consolidation motion a second time.

Thereafter, Attorney Mutchler submitted a Petition to Withdraw her appearance on February 28, 2019, which [common pleas] granted by order dated March 13, 2019. Township's counsel and [Appellant], *pro se*, next appeared at motion court on March 13, 2019, this time before [a different judge], when Township presented a Motion to Strike Petition to Enforce. Township argued, essentially, that [Appellant]'s petition should be stricken because the settlement agreement, memorialized by the extant Praecipe to Discontinue, had been

3

concluded by her attorney with her consent. [Appellant], opposing Township's Motion to Strike, attacked the validity of the Praecipe to Discontinue by asserting that Attorney Mutchler did not have her permission to enter into a settlement agreement in June 2018, and further offered to provide [the presiding judge] written copies of her email correspondence with Attorney Mutchler to substantiate this claim. [The presiding judge] declined to accept these emails on the basis that doing so would violate attorney-client privilege and, after concluding the hearing and taking the matter under advisement, transferred the decision on the Motion to Strike to the [judge who initially handled the matter].[]

[Common pleas], then, on March 19, 2019, issued the Opinion and Order now on appeal before the Commonwealth Court. [The] order granted Township's Motion to Strike and struck [Appellant]'s Petition to Enforce from the record, with prejudice, on the basis that [common pleas] lacked any jurisdiction to proceed. In the accompanying opinion, [common pleas] cited and discussed Section 5505 of the Judicial Code, 42 Pa.[]C.S. §[]5505, and *Freidenbloom v. Weyant*, 814 A.2d 1253, 1255 (Pa. Super. 2003), *overruled on other grounds*, *Miller Electric Company v. DeWeese*, 907 A.2d 1051 (Pa. 2006), for the proposition that once 30 days elapse following the trial court's entry of a final order in a case, the trial court loses jurisdiction. Accordingly, because the Praecipe to Discontinue was entered on June 25, 2018, [common pleas] was divested of jurisdiction over this case on July 25, 2018, nearly seven months before [Appellant] filed her Petition to Enforce.

[Appellant] then filed with the Commonwealth Court a "Petition for Permission to Appeal Nunc Pro Tunc" on April 18, 2019. The Commonwealth Court, by an April 29, 2019 order of the Honorable Judge Patricia A. McCullough, treated this petition as [Appellant]'s Notice of Appeal regarding [common pleas'] Order of March 19, 2019. Township next came before [common pleas] on May 14, 2019, with a Motion to Quash [Appellant]'s appeal. [Common pleas] then denied this motion through an order issued on May 17, 2019, on the basis that, once again, [it] lacked jurisdiction to act due to the aforementioned Praecipe to Discontinue and the additional grounds of Pa.[]R.A.P. 1701(a). In the same order, [common pleas] directed [Appellant] to perfect her appeal in accordance with Pa.[]R.A.P. 904 and file a Concise Statement of [Errors] Complained of on Appeal (Concise Statement). On May 31, 2019, [Appellant's current counsel] filed a Praecipe for Entry of Appearance on behalf of [Appellant] and additionally submitted a corrected notice of appeal. Lastly, on June 5,

4

2019, [Appellant], through her counsel, provided [common pleas] with her Concise Statement.

(Common Pleas' 1925(a) Opinion (Op.) at 2-6 (citations and footnote omitted).)

In Appellant's Concise Statement, Appellant raised three issues. First, Appellant asserted that common pleas erred in not holding a hearing to accept evidence on whether Appellant's former counsel had the authority to settle with Township on Appellant's behalf. Second, Appellant asserted that if common pleas was without jurisdiction, as it concluded, then common pleas "was powerless to proceed beyond dismissal for want of authority" and, therefore, "the Order dismissing the Petition to Enforce was a nullity." (Concise Statement ¶¶ 31-32.) Third and finally, Appellant asserted common pleas abused its discretion by dismissing her Petition to Enforce with prejudice. Specifically, Appellant maintained "[t]he underlying issue is the validity of the ostensible settlement" and that Appellant "filed a Motion to Enforce Order instead of a mandamus action." (*Id.* ¶¶ 33-34.) Appellant further asserted that "[i]nstead of dismissing [Appellant]'s Petition to Enforce [] with prejudice, [common pleas] should have, at most, dismissed her action without prejudice" and that "[d]ismissal without an opportunity to amend the form of the action and to add parties was an abuse of discretion." (*Id.* ¶¶ 36-37 (citing Rule 1033(a) of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 1033(a); *Hill v. Ofalt*, 85 A.3d 540, 557 (Pa. Super. 2014)).)

In its opinion in response to Appellant's Concise Statement, common pleas stated that a plaintiff may voluntarily discontinue an action by filing a praecipe pursuant to Rule 229(a) of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 229(a). Common pleas further stated:

Praecipes to discontinue have been historically regarded by our appellate courts as the equivalent of a final order disposing of all claims

5

and parties in a case; "between the parties to the action, [a praecipe to discontinue] is conclusive as to the cause of action asserted therein." *Sustrik v. Jones & Laughlin Steel Corp.*, 197 A.2d 44, 46 (Pa. 1964). These praecipes, then, fit squarely within the larger universe of final orders that "end the litigation or dispose of the entire case." *Patton v. Hanover Ins[.] Co.*, 612 A.2d 517, 518 (Pa. Super. 1992). *See also* Pa.[]R.A.P. 341(b) (discussing that for purposes of appealability, a final order is "any order that disposes of all claims and of all parties . . ."). It is axiomatic, therefore, that a praecipe to discontinue filed by a plaintiff as to all defendants is equivalent to a final order that ultimately terminates the case at the trial court level.

(Common Pleas' 1925(a) Op. at 8.)

Common pleas then reasoned that Section 5505 of the Judicial Code[2] provides that a final order may only be modified or rescinded by a trial court within 30 days of its entry and a trial court loses jurisdiction outside that window. (*Id.*) Common pleas recognized, "as with many rules, exceptions apply," and a trial court may modify a final order beyond 30 days if there is "'a showing of extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of extraordinary cause justifying intervention by the court.'" (*Id.* at 8-9 (quoting *ISN Bank v. Rajaratnam*, 83 A.3d 170 (Pa. Super. 2013)).) Common pleas also noted that, "[b]esides Section 5505, which applies generally to the modification or rescission of all final orders, a more specific rule governs striking a praecipe to discontinue," namely Pa.R.C.P. No. 229(c). (Common Pleas' 1925(a) Op. at 9.) Rule 229(c) provides "[a] court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."

---

[2] Section 5505 provides: "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa. C.S. § 5505.

6

Pa.R.C.P. No. 229(c). Common pleas stated that striking discontinuances obtained by fraud, mistake, or imposition has been generally favored by appellate courts. (Common Pleas' 1925(a) Op. at 9.) However, "[e]ven if fraud, mistake, or imposition are present, . . . a trial court must still apply a balancing test when considering granting or striking a discontinuance, in which it must 'consider all facts and weigh equities . . . [and] consider the benefits or injuries which may result to the respective sides. . . [.]'" (*Id.* (quoting *Foti v. Askinas*, 639 A.2d 807, 808 (Pa. Super. 1994)).) Common pleas found "[t]his is especially true when the request to strike a discontinuance comes after significant time has elapsed since its entry." (*Id.* (citing *Murdoch v. Murdoch*, 210 A.2d 490 (Pa. 1965), and *Baumgartner v. Whinney*, 39 A.2d 738 (Pa. Super. 1944)).)

> Common pleas explained its Order in the instant matter as follows:
>
> [T]he entry of Township's Praecipe to Discontinue, i.e.[,] the final order in this case, started the countdown on the 30-day period established by 42 Pa.[]C.S. §[ ]5505. When no requests for modification or rescission were made within 30 days, and later when no requests were made for striking the discontinuance for good cause under Pa.[]R.C.P. No. 229(c), [common pleas] presumptively lost jurisdiction over this case.

(Common Pleas' 1925(a) Op. at 10.)

Common pleas recognized Appellant's argument regarding the settlement and stated "[s]uch an allegation would likely fall within the judicially carved exception to Section 5505 and Pa.[]R.C.P. No. 229(c)." (*Id.* at 10-11.) It further acknowledged this Court's precedent requiring an evidentiary hearing to be held when a party disputes the validity of a settlement for lack of authority. (*Id.* at 11 (citing *Brannam v. Reedy*, 906 A.2d 635, 641 (Pa. Cmwlth. 2006)).) However, common pleas concluded that it may not schedule a hearing *sua sponte*. Instead, common pleas

7

stated "a party must make a motion for the court to act and set forth the appropriate grounds for doing so, which may then prompt an evidentiary hearing." (*Id.* (citing Rule 208.4(a)(2)(v) of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 208.4(a)(2)(v)[3]).)

Common pleas also stated that "[a] motion to strike a discontinuance based on a lack of an attorney's settlement authority must [] comply with the appropriate rules of procedure the same as any other motion," including the Pennsylvania Rules of Civil Procedure and Lawrence County's Local Rules of Civil Procedure, which Appellant's Petition to Enforce did not do. (*Id.*) Common pleas also found that Appellant "failed to plainly and adequately develop the material facts . . . underlying her requested relief aside from a cursory mention of her attorney's lack of settlement authority." (*Id.* at 11-12.) Common pleas acknowledged that Appellant, at the time, was proceeding pro se, but stated the courts still require a pro se litigant to comply with the applicable rules. (*Id.* at 12.) Finally, common pleas noted that nearly eight months had passed since the Praecipe to Discontinue was filed before Appellant filed the Petition, "which raises serious questions if she had presented her claims of her attorney's lack of settlement authority within [a] 'reasonable time.'" (*Id.*)

---

[3] Rule 208.4 of the Pennsylvania Rules of Civil Procedure governs motions practice. The provision cited by common pleas provides:

(a)     At the initial consideration of a motion, the court may enter an order that
. . .
        (2) sets forth the procedures the court will use for deciding the motion which may include one or more of the following:
. . .
            (v) the holding of an evidentiary hearing[.]

Pa.R.C.P. No. 208.4(a)(2)(v).

8

"In sum," common pleas concluded, "the combination of [Appellant]'s failure to adhere to the applicable rules of procedure and develop a factual background for striking the [dis]continuance, the length of time elapsed since the Praecipe to Discontinue, and the attendant presumptive loss of jurisdiction all factored into" common pleas' decision to grant the Motion to Strike and dismiss Appellant's Petition to Enforce with prejudice. (*Id.*)

## II.   **PARTIES' ARGUMENTS**

On appeal to this Court,[4] Appellant reasserts the same issues she raised in her Concise Statement:  (1) whether common pleas erred in not holding an evidentiary hearing to determine if Appellant's former counsel had the authority to settle with Township on Appellant's behalf; (2) whether common pleas erred by striking the Petition to Enforce if it was without jurisdiction; and (3) whether common pleas abused its discretion by dismissing the Petition to Enforce with prejudice.

Appellant argues as follows.  When the question of an attorney's authority to settle a matter is raised, a court must hold an evidentiary hearing whether a party expressly requests one or not.  Common pleas could not rely on the Praecipe to Discontinue because its validity was what Appellant was challenging.  Assuming common pleas was correct that it lost jurisdiction over the matter once 30 days passed from entry of the Praecipe to Discontinue, it was also without jurisdiction to act on Township's Motion to Strike and to strike Appellant's Petition to Enforce. As a result, common pleas' Order was a nullity.  Appellant acknowledges that the

---

[4] Our review is limited to determining whether common pleas abused its discretion or committed an error of law. *Thanhauser v. Douglass Township*, 190 A.3d 786, 791 n.5 (Pa. Cmwlth. 2018) (citing *Fraternal Order of Police, White Rose Lodge No. 15 v. City of York*, 708 A.2d 855, 857 (Pa. Cmwlth. 1998)).

9

proper manner to seek enforcement of a final determination by the OOR against a local agency is to institute an action in mandamus. Thus, her Petition to Enforce was also a nullity. However, instead of treating it as a nullity, common pleas concluded "it was without jurisdiction to rule on it due to the filing of the Praecipe to Discontinue, which, *sub silentio*, affirmed the underlying settlement without an evidentiary hearing, all of which was an abuse of discretion and in violation of binding case law." (Appellant's Brief (Br.) at 16.) Appellant asserts:

> The purpose of the Petition to Enforce was to compel [] Township to produce the records requested in the form ordered by the OOR. Encompassed within the Petition to Enforce is [a] challenge to the validity of the settlement agreement underlying the Praecipe to Discontinue. The Praecipe to Discontinue and the settlement are inextricably intertwined and one cannot exist independent of the other. Absent a valid settlement, Township did not have the authority to forfeit [Appellant]'s legal right to the Billing Invoices as per the OOR.

(*Id.*) Accordingly, Appellant asks the Court to vacate common pleas' Order and remand the matter with instructions for common pleas to hold an evidentiary hearing relative to the validity of the alleged underlying settlement.

Township argues as follows. Common pleas correctly determined it lacked jurisdiction to act on Appellant's Petition to Enforce once 30 days passed after entry of the Praecipe to Discontinue. Assuming common pleas did have jurisdiction, it still did not err in dismissing the Petition to Enforce because it should have been treated as an action in mandamus, which is subject to a six-month statute of limitations. Because Appellant filed her Petition to Enforce one year after the Final Determination and nearly eight months after the Praecipe to Discontinue was filed, it was time barred. Finally, if we construe Appellant's initial filing with this Court as an attempt to appeal *nunc pro tunc* the entry of the Praecipe to Discontinue, and

10

not common pleas' Order, Township argues Appellant has not satisfied the standard for *nunc pro tunc* relief. Appellant admits she was aware of the entry of the Praecipe to Discontinue as early as July 5, 2018, but provides no explanation for her delay in filing her appeal. Township asks the Court to affirm common pleas' Order.

In her Reply Brief, Appellant responds that the filing of the Praecipe to Discontinue tolled any statute of limitations. Appellant questions whether a voluntary discontinuance constitutes a final adjudication that would trigger the 30-day period under Section 5505 of the Judicial Code. Appellant also disputes Township's contention that "[a] request to strike the discontinuance is . . . subject to any 30-day jurisdiction limitation." (Appellant's Reply Br. at 2.) Appellant claims "'Rule 229(c) does not establish a time period within which a motion to strike a discontinuance must be filed.'" (*Id.* at 2-3 (quoting *Nastasiak v. Scoville Enters., Ltd.*, 618 A.2d 471, 472-73 (Pa. Super. 1993)).) Appellant asserts Township cannot establish it will suffer prejudice if the Praecipe to Discontinue is stricken because it "will be placed back in its pre-discontinuation status, i.e., its Petition for Review pending before [common pleas]." (*Id.* at 3.) The fact that Township may have to proceed with its appeal, according to Appellant, is insufficient to establish prejudice; instead, Township must show it is prejudiced in its ability to present or prove its case. Appellant also argues that "[w]hether [Appellant] should have moved to strike the discontinuance or have filed an appeal at an earlier time are questions for [common pleas]" and require an evidentiary hearing. (*Id.* at 4.) Because the factual record has not been sufficiently developed, Appellant asks that the Court vacate common pleas' Order and remand the matter for such a hearing.

11

## III.  DISCUSSION

Rule 229(a) provides "[a] discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial."  Pa.R.C.P. No. 229(a).  A discontinuance "terminate[s] the action without an adjudication on the merits and [] place[s] the plaintiff in the same position as if the action had never been instituted."  *Kalmeyer v. Municipality of Penn Hills*, 197 A.3d 1275, 1279 (Pa. Cmwlth. 2018) (quotation omitted).  A "settlement and discontinuance ha[ve] the same effect as the entry of a judgment for the defendant in the proceedings.  As between the parties to the action, it is conclusive as to the cause of action asserted therein."  *Sustrik*, 197 A.2d at 46.  Generally, "where an action is discontinued, there is no longer any proceeding in which the trial court may exercise jurisdiction."  *Kalmeyer*, 197 A.3d at 1279.  Because there is no pending action or live controversy, "[i]t is self-evident that . . . there is no matter over which a court can or may exert jurisdiction."  *Id.* (quoting *Motley Crew, LLC v. Bonner Chevrolet Co., Inc.*, 93 A.3d 474, 476 (Pa. Super. 2014)).  Because a praecipe to discontinue serves as a final order, under Section 5505 of the Judicial Code, a court loses jurisdiction to modify or rescind that order after 30 days of its entry.  42 Pa.C.S. § 5505.

Here, Township filed its Praecipe to Discontinue on June 25, 2018.  Therefore, common pleas was divested of jurisdiction on July 25, 2018.  Appellant filed the Petition to Enforce on February 21, 2019, which was well outside the 30-day period.  As a result, common pleas concluded it lacked the ability to entertain Appellant's Petition to Enforce.  However, the case upon which common pleas relied is distinguishable from the facts here.  *Freidenbloom* involved a petition for attorney's

12

fees filed more than 30 days after the action was discontinued.[5]  It did not include allegations that the case was discontinued based upon a settlement that one of the parties claimed was entered into without authority.

Common pleas recognized, "as with many rules," exceptions to the 30-day final order rule apply.  (Common Pleas' 1925(a) Op. at 8.)  Those exceptions include allegations that the discontinuance was the result of fraud, mistake, or imposition. *In Re: Condemnation by the Commonwealth of Pennsylvania, Dep't of Transp.*, 137 A.3d 666, 673 (Pa. Cmwlth. 2016).  We have also recognized an exception when "some other circumstance occurs that is 'so grave or compelling as to constitute extraordinary cause justifying intervention by the court,' allowing a court to open or vacate its order after the 30-day period expired." *Pendle Hill v. Zoning Hearing Bd. of Nether Providence Twp.*, 134 A.3d 1187, 1193 (Pa. Cmwlth. 2016) (quoting *Ainsworth v. Dep't of Transp., Bureau of Driver Licensing*, 807 A.2d 933, 937 (Pa. Cmwlth. 2002)).

In *Hopewell v. Hendrie*, 562 A.2d 899 (Pa. Super. 1989),[6] the Superior Court faced a situation similar to the one here where a discontinuance was allegedly filed without a party's knowledge.  There, one of the plaintiff's attorneys of record mistakenly filed a discontinuance of a wrongful death and survival action without the knowledge of either the plaintiff or the other attorney who was actually litigating the case.  The mistake went unnoticed for 10 months and was not discovered until the matter was listed for trial, at which time defense counsel contacted the plaintiff's

---

[5] *Freidenbloom* was overruled in *Miller Electric* to the extent it contradicted the Supreme Court's holding in that case that a motion for attorney's fees filed under Section 2503(3) of the Judicial Code, 42 Pa.C.S. § 2503(3), "is not a separate suit for fees, but rather, a matter that is connected but ancillary to the underlying action." *Miller Elec.*, 907 A.2d at 1057.

[6] While not binding, Superior Court decisions "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

13

counsel and advised the matter was discontinued. Upon discovery, the plaintiff's counsel filed a petition seeking to strike the discontinuance, which the trial court denied. The trial court cited delay in filing the petition to strike and prejudice for its denial of relief. On appeal, the Superior Court concluded the trial court abused its discretion and reversed. *Id.* at 900. In doing so, it noted that upon discovery, the plaintiff immediately sought to remedy the mistake. *Id.* at 901. It further found that while the defendants would be "prejudiced in the sense that they will have to defend the action," the defendants did not suffer any prejudice in their ability to defend the case. *Id.* On the other hand, because the statute of limitations had already run, the plaintiff would be prejudiced by not being able to bring a new action. *Id.* Balancing the interests involved, the Superior Court held the discontinuance should be struck and the action reinstated. *Id.* at 901-02.

Similarly, in *Nastasiak*, the Superior Court held the trial court abused its discretion in refusing to strike off a discontinuance entered by the party's former counsel without the party's consent or knowledge. In that case, an action brought by minority shareholders against a corporation was discontinued in June 1990 by their former counsel. In March 1991, new counsel discovered the discontinuance, and, in September 1991, filed a petition to strike the discontinuance. Citing the delay between discovery of the discontinuance and the filing of the petition to strike, the trial court denied the petition. *Nastasiak*, 618 A.2d at 472. The trial court acknowledged the Superior Court's holding in *Hopewell*, but found it inapplicable because of the shareholders' delay. *Id.* at 473. The Superior Court, however, stated that "it [wa]s inherent in the *Hopewell* decision that delay alone will not bar relief unless an adverse party has been prejudiced by such delay." *Id.* Concluding there was no prejudice outside of being required to defend the action, which was not the

14

type of prejudice to be considered, the Superior Court reversed the trial court's order, struck the unauthorized discontinuance, and remanded the matter for further proceedings. *Id.* at 474.

Here, common pleas acknowledged that Appellant's allegations that her prior counsel did not have express authority to enter into the settlement agreement "would likely fall within the judicially carved exception to Section 5505 and Pa.[]R.C.P. No. 229(c)." (Common Pleas' 1925(a) Op. at 11.) Common pleas likewise acknowledged this Court's precedent requiring a hearing when a party claims its counsel lacked authority to settle. (*Id.* (citing *Brannam*, 906 A.2d at 641).[7]) Common pleas reasoned that Appellant never requested a hearing and a court cannot *sua sponte* schedule one, citing Rule 208.4(a)(2)(v) of the Pennsylvania Rules of Civil Procedure. (Common Pleas' 1925(a) Op. at 11.) However, Rule 208.4(a)(2)(v) provides that "[a]t the initial consideration of a motion, the court may enter an order that . . . sets forth the procedures the court will use for deciding the motion which may include . . . the holding of an evidentiary hearing[.]" Pa.R.C.P. No. 208.4(a)(2)(v). It is silent as to whether a party must request one. On the other hand, Rule 208.4(b)(1) expressly permits a court to *sua sponte* schedule a hearing. It provides that "[i]f the moving party seeks relief based on **disputed facts** for which a record must be developed, the court, **upon its own motion** or the request of any party including the moving party, may enter an order in the form . . . of a rule to

---

[7] In *Brannam*, counsel for the parties negotiated an oral settlement, but when the terms were conveyed to the clients, the plaintiffs indicated that they did not agree to the settlement terms. Plaintiffs' counsel informed the trial court of their disagreement, but the trial court nonetheless entered an order of settlement based upon the purported oral settlement and denied the plaintiffs' subsequent motion to strike the order of settlement and motion for reconsideration. On appeal, we held "the existence of a settlement agreement requires an evidentiary hearing whenever one party disputes the existence of an agreement or its binding effect." *Brannam*, 906 A.2d at 639.

15

show cause," which may include scheduling a hearing. Pa.R.C.P. No. 208.4(b)(1) (emphasis added).

In her Petition to Enforce, Appellant avers as follows:

18. [Appellant] . . . retained Attorney Terry Mutchler to represent [her] in the pending Petition for Judicial Review filed by [Township]. . . .

19. On June 21, 2019[,] just four days before the scheduled Status Conference in [common pleas, Township] released a second version of the redacted invoices to Attorney Mutchler. The invoices included the 58 redactions as permitted by the OOR, but also included an additional 128 redactions above and beyond what the OOR had allowed. . . .

20. [Appellant] . . . did not accept the newly redacted version of the Solicitor's invoices and affirmed with Attorney Mutchler only the OOR's [Final D]etermination allowing 58 redactions would be acceptable.

21. On June 25, 2018, [Township's counsel] filed a Praecipe to Discontinue with [common pleas]" and "[a]t no time did [Appellant] . . . agree to a discontinuance."

(Petition to Enforce ¶¶ 18-21.)

In its Motion to Strike, Township stated that "counsel for the Township and Attorney Mutchler reached an agreement to provide redacted copies of the invoices which were satisfactory to [Appellant] . . . , but which also maintained the Township's privilege in said invoices." (Motion to Strike ¶ 10.) Township stated that Appellant, through her counsel, had accepted the settlement agreement regarding the invoices. (*Id.* ¶ 17.)

It is apparent from the facts as averred by Appellant and Township that a factual dispute exists. Thus, an evidentiary hearing to resolve the dispute should have been scheduled.

16

That said, we can understand common pleas' reasoning. Appellant filed what was titled a "Petition to Enforce Final Determination of the [OOR]." (Reproduced Record at 38a.) She did not file a "Motion to Strike the Praecipe to Discontinue." However, her averments in the Petition to Enforce support that the basis for her seeking relief is the validity of the discontinuance. We agree with Appellant that:

> [t]he purpose of the Petition to Enforce was to compel [] Township to produce the records requested in the form ordered by the OOR. **Encompassed within the Petition to Enforce [wa]s [a] challenge to the validity of the settlement agreement underlying the Praecipe to Discontinue. The Praecipe to Discontinue and the settlement are inextricably intertwined and one cannot exist independent of the other.** Absent a valid settlement, Township did not have the authority to forfeit [Appellant]'s legal right to the Billing Invoices as per the OOR.

(Appellant's Br. at 16 (emphasis added).) However as styled, the "Petition to Enforce Final Determination of the [OOR]" was not a motion to strike the discontinuance pursuant to Rule 229(c) of the Pennsylvania Rules of Civil Procedure.

In its Rule 1925(a) Opinion, common pleas stated that a motion to strike a discontinuance must comply with state and local rules governing civil procedure and Appellant's pleading did not. Common pleas noted Appellant "failed to plainly and adequately develop the material facts (e.g.[,] the existence of fraud, mistake, imposition, or other extraordinary cause) underlying her requested relief aside from a cursory mention of her attorney's lack of settlement authority. . . ." (Common Pleas' 1925(a) Op. at 11-12.) We cannot disagree with common pleas that Appellant's allegations related to her former counsel's lack of authority are not well developed. However, to the extent common pleas found Appellant's pleading did not conform to the governing rules of civil procedure, the remedy would not be an

17

outright dismissal of her petition **with prejudice**. Rather, the Petition to Enforce should have been dismissed **without prejudice**, so that Appellant could have refiled a pleading that did conform to the applicable rules. *See Tomb v. Matlack, Inc.*, 447 A.2d 1122, 1123 (Pa. Cmwlth. 1982) (reversing a trial court order dismissing the appellant's petition to strike off a discontinuance because notice was not given pursuant to Rule 229(c) and allowing the appellant to refile a petition that did comply with the rule).

However, before deciding whether to allow Appellant to file another motion that does conform to the Rules, we must consider whether it would be futile for Appellant to do so because her delay in filing the initial Petition to Enforce once she discovered the Praecipe to Discontinue resulted in prejudice to Township. Common pleas provided this as another reason for dismissing Appellant's Petition to Enforce with prejudice. We agree with Appellant that, similar to whether former counsel had express authority to settle this matter on Appellant's behalf, "[w]hether [Appellant] should have moved to strike the discontinuance or have filed an appeal at an earlier time are questions for [common pleas]" and require an evidentiary hearing. (Appellant's Reply Br. at 4.) Those are factual issues, along with what, if any, prejudice Township may suffer if the discontinuance is stricken and Township's Petition for Judicial Review of the OOR Final Determination is reinstated, that common pleas can only consider following an evidentiary hearing.

## IV.  CONCLUSION

Based on the aforementioned facts and analysis, we affirm the Order of common pleas to the extent it granted the Motion to Strike, but reverse its Order to the extent it struck the Petition to Enforce with prejudice. Consistent with *Tomb*,

18

Appellant is permitted to file another motion with common pleas seeking to strike the discontinuance that Appellant alleges was entered without her authority that does conform to the applicable rules within 30 days. Thereafter, common pleas should schedule an evidentiary hearing to determine whether extraordinary cause exists that would permit common pleas to act, even if more than 30 days had elapsed since the Praecipe to Discontinue was filed. At the hearing, the parties can present evidence as to the purported settlement, Appellant's alleged delay in seeking to strike the discontinuance, and Township's alleged prejudice in pursuing its claim if the underlying matter is reinstated.

 

 

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wilmington Township         :
                          :
        v.            :    No. 457 C.D. 2019
                          :
Carrie Hahn,            :
               Appellant   :

## O R D E R

NOW, March 2, 2020, the Order of the Court of Common Pleas of Lawrence County, entered in the above-captioned matter, is **AFFIRMED IN PART** and **REVERSED IN PART.** The Order is affirmed to the extent it granted the Motion to Strike filed by Wilmington Township, but is reversed to the extent it struck the Petition to Enforce filed by Carrie Hahn (Appellant) with prejudice. This matter is remanded, and upon remand, Appellant shall be permitted to file a new motion seeking to strike the discontinuance that she alleges was filed without her authority. The new motion should comply with any applicable rules and shall be filed within 30 days of the date of this order. Upon filing of the new motion, common pleas should hold an evidentiary hearing to resolve any factual disputes raised therein.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** Judge